Robinson, J.
 

 On October 4, 1927, the plaintiffs in error filed in this court an application for an order on the defendant William L. David to show cause why he should not be punished for contempt of court. The application recites that on the 28th
 
 *401
 
 day of December, 1926, plaintiffs in error duly recovered a “finding and decree” in their favor in this court, wherein and whereby a certain trust fund of $5,500, held by the defendant, was adjudged to be the property of the plaintiffs, and that William L. David was by such judgment and decree of this court required to surrender and pay to these plaintiffs the entire fund of $5,500 held in trust by him; that the defendant David has paid the sum of $1,000, and has failed to pay the balance; recites that they caused an execution to be issued out of the Court of Appeals of Cuyahoga county against the defendant David, which execution was returned unsatisfied for want of goods or property on which to levy; and prays for an order of this court requiring the defendant David to show cause in this court why he should not be punished for contempt.
 

 Notice was served on the defendant David, and various pleadings were filed. The case, however, will be considered as upon the application and the records of this court.
 

 The original judgment entry of this court reads as follows:
 

 “This cause came on to be heard upon the transcript of the record of the Court of Appeals of Cuyahoga county, and was argued by counsel. On consideration whereof, it is ordered and adjudged by this court that the judgment of the said Court of Appeals be and the same hereby is reversed for the reasons stated in the opinion filed herein; and, this court proceeding to render the judgment that the Court of Appeals should have rendered, it is ordered and adjudged that final judgment be, and the same hereby is, rendered in favor of plaintiffs
 
 *402
 
 in error for the entire fund held in trust by defendant in error, William L. David.
 

 “It is further ordered and adjudged that plaintiffs in error recover from the defendant in error their costs expended in this court, and in each of the lower courts taxed at $-.
 

 “Ordered that a special mandate be sent to the Court of Appeals of Cuyahoga county to carry this judgment into execution.”
 

 This court, in the case of
 
 Hulett
 
 v.
 
 Fairbanks,
 
 41 Ohio St., 401, held:
 

 “Under Section 6726, Revised Statutes, the duty of enforcing the judgment of this court is imposed upon the said district court.”
 

 Section 6726, Revised Statutes, then in force, read:
 

 “When a judgment or final order is reversed, either in whole or in part, in the court of common pleas, the district court, or Supreme Court, the court reversing the same shall proceed to render such judgment as the court below should have rendered, or remand the cause to the court below for such judgment; * * * the court reversing or affirming such judgment or final order shall not issue execution in causes that are so brought before it on error, on which it pronounces judgment as aforesaid, but shall send a special mandate to the court below, as the case may require, for execution thereon, and the court to which such special mandate is sent shall proceed in the same manner as if such judgment or final order had been rendered therein.”
 

 The provisions of that section have since been
 
 *403
 
 carried into Sections 12272 and 12274, General Code.
 

 In the case of
 
 State, on Complaint of Cook,
 
 v.
 
 Cook,
 
 66 Ohio St., 566, 64 N. E., 567, 58 L. R. A., 625, this court held:
 

 “Where such decree for alimony is rendered by the circuit court, and the cause remanded by that court to the court of common pleas for execution, a proceeding to enforce the judgment by attachment for contempt is properly brought in the court of common pleas.”
 

 The court in that case based its decision upon the provisions of Sections 549, 5239, and 6726, Revised Statutes.- The provisions of Sections 549 and 5239, Revised Statutes, have been carried into Sections 1684 and 12240, General Code.
 

 In the case of
 
 Menuez
 
 v.
 
 Grimes Candy Co.,
 
 77 Ohio St., 386, 83 N. E., 82, 11 Ann. Cas., 1037, this court held:
 

 “Contempts of court being punished as offenses against the administration of justice and not as personal affronts to those who exercise judicial functions, it is not indispensable that the violation of an injunction be punished by the judge who made the decree.”
 

 The judge rendering the opinion using this language :
 

 “Contempts are punished as offenses against the administration of justice, and the offense of violating a judicial order is punishable by the court which is charged with its enforcement, by whomsoever it may have been made.”
 

 These cases, if differentiated at all from the question arising in this case, must be differentiated
 
 *404
 
 upon the theory that, since the jurisdiction of this court and of the Court of Appeals is fixed by the Constitution, the statutory provisions upon which those cases were based are no longer applicable to the jurisdiction of this court and the jurisdiction of the Court of Appeals. The Constitution, however, confers upon this court and upon the Court of Appeals jurisdiction to review, affirm, modify, and reverse, the exercise of which jurisdiction necessarily requires the exercise of jurisdiction to remand. It therefore necessarily follows that the conferring of the jurisdiction to review, affirm, modify, and reverse carries with it the implied jurisdiction to remand.
 

 The various provisions of the statute in force at the time the above decisions were rendered and the various provisions of the Code now in force, above referred to, confer no jurisdiction upon this court, nor upon the Court of Appeals, that is not implied in the jurisdiction to review, affirm, modify, and reverse. They do, however, attempt to limit the jurisdiction of this court and the Court of Appeals in the manner of issuing executions in causes that are brought to such courts on error, in the following language:
 

 “The court reversing or affirming such judgment or final order shall not issue execution in causes so brought before it on error, * * * but shall send a special mandate to the court below.” Section 12274, General Code.
 

 Whether such limitation is effective to accomplish its purpose is not here decided. However, it may be stated that each court of the state is an integral part of a single judicial system, and, in theory, and,
 
 *405
 
 generally speaking, in practice, no two integral parts of the system will at the same time exercise jurisdiction over the same persons and the same subject-matter; that, where the jurisdiction of the one begins, the jurisdiction of the other ends.
 

 In accordance with this theory, the former pronouncements of this court, and the general practice, we reach the conclusion that, regardless of whether the jurisdiction to remand is impliedly conferred upon this court by the Constitution or is conferred by statutory law, when this court remands a cause for execution it relinquishes its jurisdiction in that respect to the court of remand, and thus confusion of jurisdiction and duplication of effort is obviated; that, if its judgment or final order, with the execution of which the court of remand is charged, be such that a failure of compliance therewith amounts to contempt, the jurisdiction to entertain an application for an order upon the offending party to show cause why he should not be adjudged in contempt, and, upon the issuance of such order, to hear and determine the contempt proceedings, is in that court. The application for an order to show cause here will therefore be dismissed.
 

 Application dismissed.
 

 Day, Allen, Jones and Matthias, JJ., concur.
 

 Marshall, C. J., and Kinkade, J., not participating.