Allen, J.
 

 This case arises out of a collision between automobiles driven by the plaintiff in error,
 
 *421
 
 Willis Jones, and the defendant in error Saloma Harmon, respectively, at the intersection of inter-county highway No. 236 in Logan county and the Greenville Treaty pike in the same county. Both automobiles were injured, and the plaintiffs below, who are a partnership doing business under the name of Harmon & Harmon, at Bellefontaine, Ohio, filed an action for damages. The defendant joined issue by an answer and cross-petition, to which a reply was filed. The pleadings are not important in the discussion of the question presented upon this error proceeding, which arises out of the following conceded facts:
 

 Jones was traveling upon a county highway and the Harmons were traveling upon an intercounty highway. Neither Jones nor Mrs. Harmon, who was driving the Harmon car, stopped before attempting to cross the intersection.
 

 The case was tried in the court of common pleas of Logan county, resulting in a verdict against the Harmons upon the petition, and against Jones on his cross-petition. Error proceedings were prosecuted to the Court of Appeals of Logan county, and the judgment wjas reversed upon the ground that the court of common pleas erred in refusing to give before argument the following charge:
 

 “Greater care to avoid a collision is imposed on the driver not having the right of way than upon the other. In such case it is the right of the one having precedence, to continue his course and it is the duty of the other to yield him the right of way.”
 

 Subsequently, within due time, Jones filed a motion in this court for an order to certify the record, which motion this court overruled. Thereafter the
 
 *422
 
 action was retried in the court of common pleas, and at the retrial the court gave to the jury before argument the charge refused at the first hearing. Verdict and judgment being rendered against Jones, he then filed his petition in error in the Court of Appeals, which court affirmed the judgment, and, finding the judgment agreed upon to be in conflict with the judgment of the Court of Appeals of the Eighth Appellate District in the case of
 
 Presti
 
 v.
 
 Cleveland Ry. Co.,
 
 26 Ohio App., 536, 160 N. E., 508, certified the record to this court for review and final determination.
 

 Between the first and second proceedings in error, and prior to the second trial, this court decided the case of
 
 Heidle & Schelle
 
 v.
 
 Baldwin,
 
 118 Ohio St., 375, 161 N. E., 44, which held that the duty imposed by the right of way statute, Section 6310-28, General Code, read in conjunction with Sections 6310-30 and 6310-31, upon the driver of the vehicle upon the intersection of a highway is not a specific requirement to do or to omit to do a definite act, but rather a rule of conduct, and the rule of
 
 per se
 
 negligence is not applicable thereto. The
 
 Eeidle case
 
 further held in the syllabus that it is error to instruct the jury in general terms that the law gives the right of way to the driver of the vehicle upon the main thoroughfare, without stating the conditions and limitations upon that right.
 

 Hence the charge given by the court of common pleas at the second trial, in compliance with the instructions given by the Court of Appeals upon the reversal of the judgment in the first trial, was error under the holding of. this court in the
 
 Eeidle case.
 

 However, the Court of Appeals in the second er
 
 *423
 
 ror proceeding held that under the case of
 
 Gohman
 
 v.
 
 City of St. Bernard,
 
 111 Ohio St., 726, 146 N. E., 291, 41 A. L. R., 1057, the trial court was bound to give the charge in question, and that the Court of Appeals was therefore bound to affirm the judgment rendered in the trial court. The decision in that case, however, is not controlling here, for the doctrine of the
 
 Gohman case
 
 was specifically limited in the syllabus to the case where the unsuccessful party does not prosecute error to this court from a reversal of the judgment entered in the Court of Appeals. Here Jones did prosecute such error proceedings.
 

 Moreover, it is pointed out in the opinion in that case, that, if the rule of the law of the case is not applied under such circumstances, the party who has received an adverse judgment in the reviewing court will be encouraged to retry the case and thereby gamble upon the probability of a favorable judgment at the hands of the trial court or jury, knowing that the way is open to him at any time again to gamble with a Court of Appeals composed of a different personnel. The court then goes on to state that, when a case has once been tried in the court of common pleas, and error prosecuted to the Court of Appeals, and judgment reversed for errors in the trial, if counsel is not satisfied with the declaration found in the opinion of the Court of Appeals, and the rule of law therein declared, as applicable to his controversy, no reason is perceived why he should not apply for
 
 certiorari
 
 to this court rather than return to the trial court for a long and expensive trial and another error proceeding to the Court of Appeals.
 

 . Here Jones took exactly the steps not taken by the unsuccessful party in the
 
 Gohmm case,
 
 The
 
 *424
 

 Gohman
 
 decision does not, therefore, apply here, for the unsuccessful party did all he could to have the first judgment of the. Court of Appeals reviewed.
 

 We proceed, then, to consider the situation presented by the fact that the charge given to the jury before argument at the second hearing upon the merits had been previously held by this court to be reversible error in the case of
 
 Heidle
 
 v. Baldwin,
 
 supra.
 
 This is conceded by the Court of Appeals in the instant proceeding. Since the
 
 Gohman case
 
 does not apply, we are compelled to the conclusion that the trial judge was bound to take notice of the judgment of this court and to give at the second trial the charge applicable under the latest decision of this court. Not to do so was reversible error, and the Court of Appeals was incorrect in affirming the judgment of the court below.
 

 Judgment of the Court of Appeals reversed.
 

 Judgment reversed.
 

 Marshall, C. J., Kinkade, Robinson and Matthias, JJ., concur.
 

 Jones and Day, JJ., concur in the syllabus, but not in the judgment, since they do not agree with the law pronounced in
 
 Heidle
 
 v.
 
 Baldwin,
 
 118 Ohio St.. 375, 161 N. E., 44.