LUCAS COUNTY COMMISSIONERS, APPELLANT, *v.* LUCAS COUNTY BUDGET COMMISSION ET AL., APPELLEES.

CITY OF TOLEDO ET AL., APPELLEES, *v.* LUCAS COUNTY BUDGET COMMISSION ET AL.; CITY OF MAUMEE, APPELLANT.

CITY OF TOLEDO ET AL., APPELLEES; CITY OF OREGON, APPELLANT, *v.* LUCAS COUNTY BUDGET COMMISSION ET AL., APPELLEES.

[Cite as Lucas Co. Commrs. v. Lucas Co. Budget, Comm., 12 Ohio St. 2d 47.]

(Nos. 41107, 41108 and 41110—Decided November 29, 1967.)

*Mr. Harry Friberg,* prosecuting attorney, and *Mr. Robert Kopf,* for appellant in case No. 41107.

*Mr. Benjamin F. Marsh,* city solicitor, for appellant in case No. 41108.

*Mr. Robert Dorrell,* for appellant in case No. 41110.

*Mr. George R. Hewes, Messrs. Taylor, Cruey, Kelb & Duffey, Messrs. Mittendorf, Mittendorf & Reiser, Mr. Thomas G. Zraik* and *Mr. Joseph A. Siegel,* for appellees on the motion.

*Per Curiam.* These cases are appeals from an order of the Board of Tax Appeals which modified the allocation of the Local Government Fund made by the Lucas County Budget Commission. They are before this court on a motion by 11 subdivisions, appellees herein, to dismiss the appeals for lack of jurisdiction.

Appellees' motion is based on two grounds.

After the order of the Board of Tax Appeals was entered, some of the subdivisions involved in the allocation of the fund filed their notice of appeal in the Court of Appeals for Franklin County. This notice of appeal was filed on July 3, 1967. Thereafter, certain parties to the proceedings before the board filed notices of appeal in the Supreme Court on July 5 and 6. It is appellees' position that because of the prior filing in the Court of Appeals that court obtained jurisdiction and that the Supreme Court is thereby excluded from obtaining jurisdiction.

Section 5717.04, Revised Code, provides in part:

"The proceeding to obtain a reversal, vacation, or modification of a decision of the Board of Tax Appeals shall be by appeal to the Supreme Court or the Court of Appeals for the county in which the property taxed is situate or in which the taxpayer resides. If the taxpayer is a corporation, then the proceeding to obtain such reversal, vacation, or modification shall be by appeal to the Supreme Court or to the Court of Appeals for the county in which the property taxed is situate, or the county of residence of the agent for service of process, tax

notices, or demands, or the county in which the corporation has its principal place of business.  In all other instances, the proceeding to obtain such reversal, vacation, or modification shall be by appeal to the Court of Appeals for Franklin County.

"* * *

"* * * The court in which notice of appeal is first filed shall have exclusive jurisdiction of the appeal."

This, of course, is merely a codification of the rule of law that where there are two courts of concurrent jurisdiction the court in which jurisdiction is first invoked obtains jurisdiction of the entire matter and other courts are excluded therefrom. 14 Ohio Jurisprudence 2d 563 and 568, Courts, Sections 149 and 153.

The jurisdiction of the Court of Appeals having been first invoked in this cause, it obtained exclusive jurisdiction over the appeals and the Supreme Court is excluded therefrom.

In view of our conclusion, it is unnecessary to consider the additional argument made in support of the motion, *i. e.*, that, under the provisions of Section 5717.04, exclusive jurisdiction to consider this type of appeal is vested in the Court of Appeals for Franklin County.

The appellees' motion to dismiss is sustained and the appeals are dismissed.

*Appeals dismissed.*


Taft, C. J., Zimmerman, O'Neill, Schneider and Brown, JJ., concur.

Matthias and Herbert, JJ., dissent.


Herbert, J., dissenting.  The majority, in a *per curiam* opinion, decided that the Supreme Court and the Court of Appeals for *Franklin County* have *concurrent jurisdiction* to entertain an appeal from a decision and order of the Board of Tax Appeals modifying the allocation of the Lucas County Local Government Fund to the various subdivisions made by the county Budget Commission.

We cannot agree that this is the law.

An analysis of the statutes controlling the appeal here becomes necessary.

Section 5717.04 of the Revised Code, in its pertinent part, provides that:

"The proceeding to obtain a reversal, vacation, or modification of a decision of the Board of Tax Appeals shall be by appeal to the Supreme Court or the Court of Appeals for the county in which the *property taxed is situate* or in which *the taxpayer resides.* If the taxpayer is a corporation, then the proceeding to obtain such reversal, vacation, or modification shall be by appeal to the Supreme Court or to the Court of Appeals for the county *in which the property taxed is situate, or the county of residence of the agent for service of process, tax notices, or demands, or the county in which the corporation has its principal place of business. In all other instances,* the proceeding to obtain such reversal, vacation, or modification shall be by appeal to the *Court of Appeals for Franklin County.*" (Emphasis added.)

The Constitution of Ohio, Sections 2 and 6 of Article IV, and Section 5717.04, *supra,* deny *concurrent* jurisdiction, in the case at bar, to the Supreme Court and the Court of Appeals for Franklin County, but specifically confers jurisdiction upon the Supreme Court to review decisions of the Board of Tax Appeals, involving taxed property, and specifically confers jurisdiction "in all other instances" upon the Court of Appeals for Franklin County.

It should be noted that jurisdiction to entertain such appeals is limited by the statute to the *Supreme Court or the Court of Appeals for the county in which the property taxed is situate or in which the taxpayer or corporate statutory agent resides,* or in which the corporation has its principal place of business.

The General Assembly, in plain and unambiguous language, in Section 5717.04, *supra,* conferred upon the Supreme Court and the Court of Appeals for the county *where the property is situate* jurisdiction to review decisions of the Board of Tax Appeals in respect to property taxed. Such taxed property is definitely described by its location, the residence of its owner,

or statutory agent where a corporation is the owner, demand, notice and other indicia of administrative tax collection procedure. Then, to emphasize further the foregoing jurisdictional limitation, the General Assembly in Section 5717.04 of the Revised Code makes this specific distinction in these words:

"*In all other instances,* the proceeding to obtain such reversal, vacation, or modification *shall be by appeal to the Court of Appeals for Franklin County.* \* \* \*" (Emphasis added.)

Such jurisdictional distinction is again emphasized in Section 5717.03 of the Revised Code, where the General Assembly provides that:

"The decisions of the Board [of Tax Appeals] may affirm, reverse, vacate, or modify the tax assessments, valuations, determinations, findings, computations, or orders complained of in the appeals or applications determined by it, and its decision shall become final and conclusive for the current year unless reversed, vacated, or modified *as provided in Section 5717.04 of the Revised Code.* When a decision of the board becomes final the commissioner and all officers to whom such decision has been certified shall make the changes in their tax lists or other records which the decision requires." (Emphasis added.)

Section 5739.22 of the Revised Code reads:

"*The Local Government Fund* shall be allocated among the local subdivisions in the following manner and subject to the following conditions:

"(A) On or before the tenth day of each month commencing July 10, 1957 *the Auditor of State shall draw a voucher and warrant payable to the county treasurer of each county for an amount equal to the proportionate share of the county of the total amount standing to the credit of the Local Government Fund as determined by this section* \* \* \*." (Emphasis added.)

The allocation of the Local Government Fund to the various political subdivisions of a county does not involve the application of any law imposing a tax on property, any taxpayer party or any tax question, nor does it present any question of law. The only question presented is factual or one of mathematics.

The concurrent jurisdiction which the majority opinion attempts to confer upon the Supreme Court and the Court of Ap-

peals for Franklin County would embrace (1) questions arising from the taxation of real property and (2) cases included in the phrase, "in all other instances" (Section 5717.04 of the Revised Code). This concurrent jurisdiction over two widely different subject matters, together with the doubt cast upon the remaining jurisdiction, if any, of the Courts of Appeals for the counties in which the taxable property is situate, will be certain to cause a disturbing influx of new litigation to the Supreme Court.

We suggest as a solution to the problem posed by the case at bar an opinion addressed solely to the instant case, with the following as a syllabus:

"The Supreme Court is without jurisdiction to entertain an appeal from a decision and order of the Board of Tax Appeals modifying the allocation of the Local Government Fund to the political subdivisions made by the county Budget Commission, such decision and order being subject to review in the first instance by the Court of Appeals for Franklin County. (Sections 5717.03, 5717.04 and 5739.22 of the Revised Code applied.)"

MATTHIAS, J., concurs in the foregoing dissenting opinion.