344

COLUMBUS BOARD OF EDUCATION, APPELLANT, *v.* FRANKLIN
COUNTY BOARD OF REVISION ET AL., APPELLEES.

[Cite as *Columbus Bd. of Edn. v. Franklin Cty.
Bd. of Revision* (1994), 70 Ohio St.3d 344.]

(No. 93–1862—Submitted June 9, 1994—Decided September 28, 1994.)

*Teaford, Rich, Coffman & Wheeler, Jeffrey A. Rich* and *Karol Cassell Fox,* for appellant.

*Michael Miller,* Franklin County Prosecuting Attorney, and *James R. Gorry,* Special Assistant Prosecutor, for appellee Franklin County Board of Revision.

*Robert D. Holmes,* for appellee Karl Road Corporation.

---

*Per Curiam.* We dismiss this appeal.

As argued by the BOR and Karl Road, the law of the case would cause us to affirm the BTA's decision. In *Nolan v. Nolan* (1984), 11 Ohio St.3d 1, 11 OBR 1, 462 N.E.2d 410, syllabus, we stated:

"Absent extraordinary circumstances, such as an intervening decision by the Supreme Court, an inferior court has no discretion to disregard the mandate of a superior court in a prior appeal in the same case. (*State, ex rel. Potain, v. Mathews* [ (1979) ], 59 Ohio St.2d 29, 32 [13 O.O.3d 17, 391 N.E.2d 343], approved and followed.)"

According to *Nolan,* at 3, 11 OBR at 3, 462 N.E.2d at 413, this rule of practice "is necessary to ensure consistency of results in a case, to avoid endless litigation by settling the issues, and to preserve the structure of superior and inferior courts as designed by the Ohio Constitution. * * *

"[T]he doctrine functions to compel trial courts to follow the mandates of reviewing courts * * *. Thus, where at a rehearing following remand a trial court is confronted with substantially the same facts and issues as were involved in the prior appeal, the court is bound to adhere to the appellate court's determination of the applicable law. * * * "

Thus, as we have not decided an intervening case that states a rule of law in conflict with the court of appeals' decision, *Jones v. Harmon* (1930), 122 Ohio St. 420, 8 Ohio Law Abs. 321, 172 N.E. 151, syllabus, the BTA must follow the court of appeals' mandate. However, a twist in this case is that R.C. 5717.04 permits an appeal from the BTA to this court or to the court of appeals. But, according to R.C. 5717.04, "[t]he court in which notice of appeal is first filed shall have exclusive jurisdiction of the appeal."

In *Lucas Cty. Commrs. v. Lucas Cty. Budget Comm.* (1967), 12 Ohio St.2d 47, 49, 41 O.O.2d 254, 255, 231 N.E.2d 472, 473, we held this language to be a

codification of the rule of law "that where there are two courts of concurrent jurisdiction the court in which jurisdiction is first invoked obtains jurisdiction of the entire matter and other courts are excluded therefrom." In *John Weenink & Sons Co. v. Court of Common Pleas of Cuyahoga Cty.* (1948), 150 Ohio St. 349, 38 O.O. 189, 82 N.E.2d 730, paragraphs two and three of the syllabus, we held:

"2. As between courts of concurrent jurisdiction, the one whose power is first invoked by the institution of proper proceedings acquires jurisdiction, to the exclusion of all other tribunals, to adjudicate upon the whole issue and to settle the rights of the parties.

"3. When a court of competent jurisdiction acquires jurisdiction of the subject matter of an action, its authority continues until the matter is completely and finally disposed of, and no court of co-ordinate jurisdiction is at liberty to interfere with its proceedings."

Putting these cases together, under the law-of-the-case doctrine, the BTA had to decide the case in compliance with the mandate of the court of appeals. Second, this order of the BTA could not be appealed to this court under the principles announced in *Weenink.* See, also, *State ex rel. Schneider v. N. Olmsted Bd. of Edn.* (1988), 39 Ohio St.3d 281, 282, 530 N.E.2d 206, 207. Finally, we dismiss the instant appeal because, under *Rowland v. Lindley* (1979), 58 Ohio St.2d 15, 12 O.O.3d 8, 387 N.E.2d 1367, the BTA's order following the mandate of the court of appeals was not a final determination to be appealed under R.C. 5717.04. In *Rowland,* the taxpayer appealed a journal entry of the Tax Commissioner that the commissioner had issued to carry out the express mandate of this court in an earlier appeal of the same case. We held that such an order is not a final determination that may be appealed.

Accordingly, we dismiss the appeal.

*Appeal dismissed.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

A.W. SWEENEY, J., dissents.