[This opinion has been published in *Ohio Official Reports* at 70 Ohio St.3d 344.]

COLUMBUS BOARD OF EDUCATION, APPELLANT, *v.* FRANKLIN COUNTY BOARD
OF REVISION ET AL., APPELLEES.

[Cite as *Columbus Bd. of Edn. v. Franklin Cty. Bd. of Revision*, 1994-Ohio-26.]

*Taxation—Appeal from Board of Tax Appeals to Supreme Court dismissed, when.*

(No. 93-1862—Submitted June 9, 1994—Decided September 28, 1994.)

APPEAL from the Board of Tax Appeals, No. 90-D-359.

_____

{¶ 1} Karl Road Corporation, appellee, which operates the Northland Terrace Nursing Home, purchased an adjacent property for $200,000 on March 29, 1988. The previous owner of the property, which contained a house, refused to negotiate on the purchase price, demanding $200,000 for the property. Karl Road planned to expand its facility and acquired the property to obtain an additional curb cut for the expansion. Karl Road has since abandoned the expansion and the planned curb cut.

{¶ 2} The Columbus Board of Education ("school board"), appellant, filed a complaint with the Franklin County Board of Revision ("BOR"), appellee, to increase the true value of the property for tax year 1988, from $58,000, the value which the Franklin County Auditor had placed on it, to $200,000, the purchase price. The BOR affirmed the auditor's value, and the school board appealed to the Board of Tax Appeals ("BTA").

{¶ 3} At the BTA's hearing, the school board presented evidence of the sale and the sale price. The BOR, on the other hand, presented the testimony of an expert appraiser who testified that the subject property was worth $65,000. The BTA found the true value of property to be $200,000.

{¶ 4} The BOR and Karl Road appealed this decision to the Court of Appeals for Franklin County. The court of appeals concluded that Karl Road was

compelled to buy the property for economic reasons and that the price paid did not represent the property's true value. Observing that competent evidence of record indicated that the true value was $65,000, the court remanded the case to the BTA for it "to revisit the evidence presented to it and to reach a new determination[.]" We overruled a motion to certify the record of this case. *Columbus Bd. of Edn. v. Franklin Cty. Bd. of Revision* (1993), 66 Ohio St.3d 1423, 607 N.E.2d 845.

{¶ 5} On remand, the BTA ruled that it was constrained to value the subject property according to the expert appraiser's testimony and found the true value to be $65,000. The BTA noted that the court of appeals had rejected the sale price and that the appraiser's testimony was the only remaining evidence on which to base a value. The school board now appeals the BTA's ruling to this court, contending that the purchase price established the value of the property.

{¶ 6} The cause is before this court upon an appeal as of right.

———————————

*Teaford, Rich, Coffman & Wheeler*, *Jeffrey A. Rich* and *Karol Cassell Fox*, for appellant.

*Michael Miller*, Franklin County Prosecuting Attorney, and *James R. Gorry*, Special Assistant Prosecutor, for appellee Franklin County Board of Revision.

*Robert D. Holmes*, for appellee Karl Road Corporation.

———————————

**Per Curiam.**

{¶ 7} We dismiss this appeal.

{¶ 8} As argued by the BOR and Karl Road, the law of the case would cause us to affirm the BTA's decision. In *Nolan v. Nolan* (1984), 11 Ohio St.3d 1, 11 OBR 1, 462 N.E. 2d 410, syllabus, we stated:

"Absent extraordinary circumstances, such as an intervening decision by the Supreme Court, an inferior court has no discretion to disregard the mandate of a

Superior Court in a prior appeal in the same case. (*State ex rel. Potain v. Mathews* [(1979)], 59 Ohio St.2d 32 [13 O.O.3d 17, 391 N.E. 2d 343], approved and followed.)

{¶ 9} According to *Nolan*, at 3, 11 OBR at 3, 462 N.E. 2d at 413, this rule of practice "is necessary to ensure consistency of results in a case, to avoid endless litigation by settling the issues, and to preserve the structure of superior and inferior courts as designed by the Ohio Constitution. * * *

"[T]he doctrine functions to compel trial courts to follow the mandates of reviewing courts * * *. Thus, where at a rehearing following remand a trial court is confronted with substantially the same facts and issues as were involved in the prior appeal, the court is bound to adhere to the appellate court's determination of the applicable law. * * *"

{¶ 10} Thus, as we have not decided an intervening case that states a rule of law in conflict with the court of appeals' decision, *Jones v. Harmon* (1930), 122 Ohio St. 420, 8 Ohio Law Abs. 321, 172 N.E. 151, syllabus, the BTA must follow the court of appeals' mandate. However, a twist in this case is that R.C. 5717.04 permits an appeal from the BTA to this court or to the court of appeals. But, according to R.C. 5717.04, "[t]he court in which notice of appeal is first filed shall have exclusive jurisdiction of the appeal."

{¶ 11} In *Lucas Cty. Commrs. v. Lucas Cty. Budget Comm.* (1967), 12 Ohio St.2d 47, 49, 41 O.O. 2d 254, 255, 231 N.E. 2d 472, 473, we held this language to be a codification of the rule of law "that where there are two courts of concurrent jurisdiction the court in which jurisdiction is first invoked obtains jurisdiction of the entire matter and other courts are excluded therefrom." In *John Weenink & Sons Co. v. Court of Common Pleas of Cuyahoga Cty.* (1948), 150 Ohio St. 349, 38 O.O. 189, 82 N.E. 2d 730, paragraphs two and three of the syllabus, we held:

"2. As between courts of concurrent jurisdiction, the one whose power is first invoked by the institution of proper proceedings acquires jurisdiction, to the

exclusion of all other tribunals, to adjudicate upon the whole issue and settle the rights of the parties.

"3. When a court of competent jurisdiction acquires jurisdiction of the subject matter of an action, its authority continues until the matter is completely and finally disposed of, and no court of co-ordinate jurisdiction is at liberty to interfere with its proceedings."

{¶ 12} Putting these cases together, under the law-of-the-case doctrine, the BTA had to decide the case in compliance with the mandate of the court of appeals. Second, this order of the BTA could not be appealed to this court under the principles announced in Weenink. See, also, *State ex rel. Schneider v. N. Olmsted Bd. of Edn.* (1988), 39 Ohio St.3d 281, 282, 530 N.E. 2d 206, 207. Finally, we dismiss the instant appeal because, under *Rowland v. Lindley* (1979), 58 Ohio St. 2d 15, 12 O.O. 3d 8, 387 N.E. 2d 1367, the BTA's order following the mandate of the court of appeals was not a final determination to be appealed under R.C. 5717.04. In Rowland, the taxpayer appealed a journal entry of the Tax Commissioner that the commissioner had issued to carry out the express mandate of this court in an earlier appeal of the same case. We held that such an order is not a final determination that may be appealed.

{¶ 13} Accordingly, we dismiss the appeal.

*Appeal dismissed.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

A.W. SWEENEY, J., dissents.

_____

4