DECISION AND JUDGMENT ENTRY
Jack White appeals from the dismissal of his motion to terminate alimony and assigns the following error:
 COURT ERROR DID NOT [sic] TERMINATE ALIMONY DUE TO THE FACT THAT THE DEFENDANT, HUSBAND, HAS RETIRED AND HAS NO ACTIVE SOURCE OF INCOME.[1]
We find no merit in appellant's assignment of error and affirm the trial court's judgment. We also find this appeal to be frivolous within the meaning of App.R. 23.
Appellant and Betty White married in 1953. On March 15, 1972, the parties entered into a separation agreement that the trial court incorporated into a divorce decree on May 5, 1972. The divorce decree requires appellant to pay appellee $400 per month for "alimony and support" until appellee's remarriage or death.
On May 13, 1996, appellant filed a motion to terminate the spousal support payments based on a substantial change in his financial circumstances since the decree. The magistrate conducted an evidentiary hearing and concluded that, under their prior agreement, the only manner in which spousal support could be modified was by written instrument signed by both parties. Appellant filed timely objections to the magistrate's decision and the trial court overruled them. Appellant appealed to this Court.
In White v. White (Mar. 3, 1998), Scioto App. No. 97CA2511, unreported ("White I"), we found "that the trial court lacked the authority to modify the spousal support award."[2] In reaching the conclusion that the lower court lacked jurisdiction to modify the support agreement, we relied on Wolfe v. Wolfe (1976), 46 Ohio St.2d 399, and its progeny. In Wolfe, the Ohio Supreme Court held that when a court awards spousal support independent of any property settlement and for an indefinite term and amount, a court's jurisdiction to modify the award will be implied in the divorce decree regardless of whether the support order is based upon the parties' agreement. The Court specifically noted, however, that the Wolfe holding was applicable only to prospective decrees issued after the Wolfe judgment. Id.
at 421-422.
Therefore, as we indicated in White I, Wolfe is inapplicable to decrees issued prior to June 23, 1976. If the separation agreement and decree were entered into prior to that date, such as here, the court could only grant a request for modification if the decree specifically provided for such a modification. White I, citing Renner v. Renner
(June 2, 1986), Stark App. No. CA-6796, unreported, andPotter v. Potter (Apr. 22, 1981), Hamilton App. No. C-800348, unreported.
In sum, we concluded in White I that because the decree was issued prior to the Wolfe decision, the spousal support award "is not modifiable unless the trial court explicitly reserved jurisdiction to modify the award." Neither the separation agreement nor the decree indicated that the trial court reserved the authority to modify the spousal support award. Further, the separation agreement provides that the agreement can only be modified by mutual consent of both parties. Therefore, we concluded that the trial court could not modify the spousal support award.
On June 18, 1999, appellant filed a second motion to terminate alimony on the ground that he "has now retired and has no earned income from which alimony can be deducted." Appellee moved to dismiss appellant's motion to terminate alimony and argued that the agreement is not subject to modification for the reasons stated in this Court's prior opinion. The magistrate agreed and dismissed appellant's second motion to terminate alimony. Appellant objected to the magistrate's report. The trial court overruled appellant's objections and adopted the magistrate's report. Appellant timely appealed from this judgment entry.
Under the law of the case doctrine, the "decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels." PipeFitters Union Local No. 392 v. Kokosing Constr. Co., Inc. (1998), 81 Ohio St.3d 214, 218, quoting Nolan v. Nolan
(1984), 11 Ohio St.3d 1, 3. Furthermore, the Ohio Constitution does not give a common pleas court jurisdiction to review a prior mandate of a court of appeals. State exrel. Potain v. Mathews (1979), 59 Ohio St.2d 29, 32. The decision of an appellate court in a prior appeal will be followed in a later appeal in the same case and court absent extraordinary circumstances, such as a change in law. SeeColumbus Bd. of Edn. v. Franklin Cty. Bd. of Revision
(1994), 70 Ohio St.3d 344, 345.
As this Court previously determined that the trial court was without jurisdiction to modify the award of spousal support in this case, the trial court did not err in dismissing appellant's second motion to terminate alimony. We clearly stated in White I that no motion to modify or terminate spousal support could be entertained by the court absent the agreement of both parties. Therefore, appellant's assignment of error is overruled.
Based upon our explicit holding in White I, we conclude there are no reasonable grounds for this appeal and that it is frivolous within the meaning of App.R. 23.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that Appellee recover of Appellant costs herein taxed.
It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
Kline, P.J. Evans, J.: Concur in Judgment and Opinion.
 ________________________ William H. Harsha, Judge
[1] The trial court did not address the merits of this case but dismissed appellant's motion on jurisdictional grounds. Therefore, we assume that appellant is objecting to the dismissal of his motion even though he does not explicitly state so.
[2] We also held that even if the trial court could have modified or terminated the spousal support award, the court committed no error in denying appellant's motion to modify.