[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Columbus City Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision,* Slip Opinion No. 2015-Ohio-4304.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2015-OHIO-4304

COLUMBUS CITY SCHOOLS BOARD OF EDUCATION, APPELLEE, *v.* FRANKLIN COUNTY BOARD OF REVISION ET AL., APPELLEES; PLATINUM LODGING, L.L.C., APPELLANT.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Columbus City Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision,* Slip Opinion No. 2015-Ohio-4304.]**

*Taxation—Real-property valuation—When enforcing the statutory requirements for perfecting tax appeals, we avoid being hypertechnical—R.C. 5717.05's "first-filed rule" trumps the "subsequent-appeal rule"—Board of revision was bound by the decision of the common pleas court—Board of tax appeals' decision reversed, and cause remanded to the board of revision.*

(No. 2013-0514—Submitted July 7, 2015—Decided October 20, 2015.)

APPEAL from the Board of Tax Appeals, Nos. 2012-A-2823 and 2012-A-3289.

_____

**Per Curiam.**

{¶ 1} This appeal concerns a real-property-valuation complaint pertaining to tax year 2008 that was originally filed by Platinum Lodging, L.L.C.'s court-appointed receiver on March 31, 2009. Appellant, Platinum Lodging, is the former owner of the property at issue and was a party throughout the proceedings below. The Franklin County Board of Revision ("BOR") substantially reduced the valuation, but Platinum Lodging and the current property owners filed an appeal in the Franklin County Court of Common Pleas, which remanded the cause to the BOR. On remand, the BOR dismissed the complaint on the grounds that the complainant lacked standing. Thereafter, appellee Columbus City Schools Board of Education ("school board") and then Platinum Lodging perfected appeals from the BOR's dismissal order to the Board of Tax Appeals ("BTA").

{¶ 2} The BTA dismissed the appeals on the grounds that because the first appeal had been filed in the common pleas court, the BTA lacked jurisdiction to entertain an appeal from the BOR's dismissal order on remand. Platinum Lodging has appealed, and we now reverse the BTA's order of dismissal as to Platinum Lodging.[1] We also remand this matter to the BOR with instructions that it determine the value of the property in accordance with the earlier remand order issued by the common pleas court.

## FACTUAL BACKGROUND

{¶ 3} The March 31, 2009 complaint that initiated these proceedings proposed a true value of $8,000,000 for tax year 2008 instead of the auditor's valuation of $24,500,000. The complaint identified Platinum Lodging as the owner and "ARM (Receiver)"[2] as the "complainant if not owner." The complaint states

---

[1] Because the school board did not appeal its dismissal to this court, we leave the BTA's dismissal order in place with respect to the school board's appeal.

[2] "ARM" stands for American Resort Management, which was appointed receiver for Platinum Lodging when Wells Fargo sought foreclosure in 2008.

that the complainant's relationship to the property was "Court Appointed Receiver." On May 27, 2009, a countercomplaint was filed by the school board. The countercomplaint sought retention of the auditor's valuation for tax year 2008.

{¶ 4} The complaint identified the complainant's agent to be attorney Clarence Mingo, and Mingo's verified signature is on the complaint. Mingo was subsequently named auditor of Franklin County later that same year, 2009.

{¶ 5} The property at issue is a 16.592-acre site improved with a high-rise hotel and a water park. It is located southeast of the point where I-70 intersects Hamilton Road in eastern Franklin County. The auditor allocated $1,991,000 to land value and $22,509,000 to the buildings.

{¶ 6} The BOR held a hearing on September 20, 2010. At that hearing, a case for decrease of value was presented by attorney Charles Bluestone, who identified himself as "substituting in this case on behalf of Clarence Mingo who was the attorney representing the property owner who owned the property as of January 1st, 2008 [i.e., Platinum Lodging], which is the first past year at issue in this case." Bluestone advised that he was also appearing on behalf of Brownlee Reagan and Jamal Lewis who were the property owners at the time of the hearing.

{¶ 7} Platinum Lodging presented the testimony of three witnesses: Lance Lehr, a vice president of ARM, the receiver; (2) Jamal Lewis, one of the new owners who had recently purchased the property, and (3) Charlotte Kang, an appraiser. When Platinum Lodging purchased the property, it was improved with only the hotel. Platinum Lodging added additional rooms and the water park, which was completed by 2006. But financial expectations were not met, and investors brought in ARM to manage the property beginning in August 2007. The property was put into receivership in March 2008, with ARM as receiver to manage the property and an entity called HREC to attempt to sell it for the benefit of the creditors. Over a two-year period, the property was marketed, and it was finally sold to the entity of which Jamal Lewis was a principal, in July 2010, shortly before

the BOR hearing. According to testimony regarding the conveyance-fee statement, the 2010 purchase price was $5,510,518.

{¶ 8} Platinum Lodging additionally presented an appraisal report, which Kang explained in her testimony. Relying on the income and sales-comparison approaches, she opined that the value of the property for 2010 was $6,800,000.

{¶ 9} Also at the BOR hearing, the auditor's delegate indicated that because Clarence Mingo had been counsel for the property owner and later was named auditor, the delegate would "abstain from the vote but remain on the panel for administrative purposes." On October 22, 2010, the delegates constituting the BOR met and determined the value of the property based on the evidence presented. The auditor's delegate took the lead, proposing a new value of $5,510,500 for 2008, to be carried forward according to law.

{¶ 10} Despite his statement at the hearing that he would not vote, the auditor's delegate both proposed the new valuation and voted for it. The BOR decision adopting the new value was issued on November 3, 2010.

{¶ 11} Dissatisfied, Platinum Lodging and the new owners appealed to the Franklin County Court of Common Pleas pursuant to R.C. 5717.05.[3] Two events of importance occurred at the common pleas court. First, the common pleas court considered a motion filed by the school board that argued that the complaint had been invalid because the receiver lacked written authority to file the complaint at the time it was filed. Platinum Lodging responded with evidence of authorization to file, and the common pleas court denied the motion on March 8, 2011, finding that the school board's arguments lacked merit.

---

[3] Separately, the school board prosecuted its own appeal from the reduction order to the BTA, but the BTA dismissed that appeal on the grounds that the owners had filed first in the common pleas court. *See Columbus City Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision*, BTA No. 2010-M-3420, 2011 WL 857880 (Mar. 4, 2011).

**{¶ 12}** Specifically, the common pleas court stated that it disagreed with the contention that the receiver, ARM, which had been appointed after foreclosure proceedings were initiated, lacked written authority as required by the receivership order, and therefore had no standing to file the BOR complaint. The common pleas court set forth the following grounds for its decision:

- An e-mail and affidavit from the asset manager of the property at the bank indicated that she had given authority to file, first orally and then by e-mail, and the receivership order states that "written consent" of the bank was required, without specifying the form or timing of that consent;

- The bank itself, Wells Fargo, had made no objection to the filing;

- The school board, as a nonparty to the receivership case, was "in no position to dictate what approval is sufficient under the receivership order";

- The school board waived the standing argument by not asserting it at the BOR.

The common pleas court specifically held that "approval is sufficient under the receivership order. ARM acted with the written consent of Wells-Fargo, through its agent, and therefore had standing to file the BOR Complaint."

**{¶ 13}** The second important event before the common pleas court was its decision granting a motion to remand filed by the BOR and the auditor based on the auditor's delegate having failed to actually recuse himself from the vote. The remand order was entered on April 6, 2012:

The Court finds the Franklin County Auditor and Franklin County Board of Revision's Motion to Remand to have merit and hereby GRANTS the same. It is undisputed that, when this matter

was at the Board of Revision level, the Auditor's representative on the board recognized a conflict of interest and indicated that he would abstain from voting. It is also undisputed that, despite the above, the Auditor's representative nonetheless did vote on the matter. Given the above, the Court finds that remanding this matter to the Board of Revision is appropriate in order to resolve the conflict of interest recognized by the Auditor's representative.

Given the above, the Court hereby REMANDS this matter to the Franklin County Board of Revision. It is so ORDERED.

(Capitalization sic.)

{¶ 14} The record concerning the proceedings on remand is sparse, but it does show an August 24, 2012 order dismissing the complaint for the receiver's alleged lack of standing—the very issue previously determined to the contrary by the common pleas court.

{¶ 15} The school board prosecuted an appeal from the dismissal order to the BTA on August 27, 2012, and Platinum Lodging, L.L.C., filed its appeal with the BTA on September 20, 2012. The BTA consolidated the appeals and ordered the parties to brief whether the BOR's dismissal order should be affirmed. The parties did so. Subsequently, on February 27, 2013, the BTA issued its decision sua sponte dismissing the appeals on the grounds that the earlier appeal had been prosecuted to the common pleas court.

{¶ 16} Platinum Lodging has appealed.

## MOTION TO DISMISS

{¶ 17} We first address, as a threshold issue, the school board's motion to dismiss Platinum Lodging's appeal to this court. The school board contends that the appeal failed to vest jurisdiction in this court because Platinum Lodging failed

6

to serve the subsequent owners as appellees, as required by the seventh paragraph of R.C. 5717.04.

{¶ 18} The school board relies on *Columbus City School Dist. Bd. of Edn. v. Franklin Cty. Bd. of Revision*, 114 Ohio St.3d 1224, 2007-Ohio-4007, 871 N.E.2d 602 ("*Maple Canyon*," after the taxpayer), to support this contention. And *Maple Canyon* relied on the reasoning of *Olympic Steel, Inc. v. Cuyahoga Cty. Bd. of Revision*, 110 Ohio St.3d 1242, 2006-Ohio-4091, 852 N.E.2d 178. These cases held that the service requirement in the seventh paragraph[4] of R.C. 5717.04 is mandatory and jurisdictional and that failure to comply requires dismissal of the appeal. We will refer to this holding as "the *Maple Canyon* rule."

{¶ 19} The seventh paragraph of R.C. 5717.04 requires that service be effected on all those persons to whom the BTA is required to send its decision under R.C. 5717.03. R.C. 5717.03(B) requires the BTA to send a copy of its decision to "the person in whose name the property is listed, or sought to be listed," i.e., the owner, if that person is not a party to the BTA appeal.

{¶ 20} Here, Platinum Lodging is a former owner of the property and the new owners are indicated on the record at the BTA. Thus, the BTA had a duty to send its decision to the new owners and Platinum Lodging had to serve the new owners as appellees in order to proceed with the appeal under the general rule. The school board's motion to dismiss states an entirely valid point, and Platinum Lodging did not respond to the school board's motion. Nor does the certificate of service reflect service on the new owners. We must therefore assume that Platinum Lodging did not in fact effect timely service on the subsequent owners.

{¶ 21} When enforcing the statutory requirements for perfecting tax appeals, we avoid being "hypertechnical" and refrain from "deny[ing] the right of

---

[4] R.C. 5717.04 was amended in 2013 and a new first paragraph was added. Thus, what *Maple Canyon* and *Olympic Steel* refer to as the sixth paragraph of R.C. 5717.04 is now the seventh paragraph. 2013 Sub.H.B. No. 138.

appeal on captious grounds." *Queen City Valves, Inc. v Peck*, 161 Ohio St. 579, 583-584, 120 N.E.2d 310 (1954). *Accord Buckeye Internatl., Inc. v. Limbach*, 64 Ohio St.3d 264, 268, 595 N.E.2d 347 (1992) ("we are not disposed to deny review by a hypertechnical reading of the notice"). Our review of the record before the BTA reveals a factor not present in *Maple Canyon*: counsel for Platinum Lodging also appeared on behalf of the subsequent owners in these proceedings. Indeed, not only did Bluestone appear on behalf of the former and the new owners at the BOR hearing; Bluestone also pursued the initial appeal to the court of common pleas on behalf of both the old and the new owners.

{¶ 22} Ohio courts have held that when two parties in a case are represented by the same counsel, one party's having received notice or knowledge in the case imputes constructive notice or knowledge to the other. *See Krieger v. Cleveland Indians Baseball Co*., 176 Ohio App.3d 410, 2008-Ohio-2183, 892 N.E.2d 461, ¶ 43 (8th Dist.) (because the same lawyer from the city's law department represented the original defendant named in the lawsuit [the police department] and the later substituted proper defendant [the city of Cleveland], the city was on notice of the suit within the statute of limitations even though it was not named until later), *rev'd on other grounds, Oliver v. Cleveland Indians Baseball Co. Ltd. Partnership*, 123 Ohio St.3d 278, 2009-Ohio-5030, 915 N.E.2d 1205; *Bainter v. P.P.G. Industries, Inc*., 4th Dist. Pickaway No. 80 CA 11, 1981 WL 5920 (May 7, 1981), *2 (fact that same attorney represented the original defendant named in the lawsuit and the substituted defendant meant that the substituted defendant was on notice of the suit before the statute of limitations ran); *State Dept. of Pub. Safety v. Freedom Concepts, Inc*., 10th Dist. Franklin No. 02AP-1289, 2003-Ohio-3748, ¶ 20 (in forfeiture action, Department of Public Safety should have known the identity of the actual owners of seized devices because that information was germane and available in another lawsuit involving the department and the same devices and the

department was represented in that case by the same assistant attorney general as in the forfeiture case).

{¶ 23} We conclude that the principle of these cases extends to the present situation. Here, counsel for the appellant, Platinum Lodging, has also been serving throughout this litigation as counsel for the subsequent owners, with the result that the notice of Platinum Lodging's appeal may be imputed to those subsequent owners under the doctrine of constructive notice.

{¶ 24} Under these circumstances, we hold that the actual formality of serving the new owners with the notice of appeal, though required by the statute, does not run to the core of procedural efficiency, with the result that the defect does not divest us of jurisdiction over this appeal. The motion to dismiss is therefore denied.

**R.C. 5717.05'S "FIRST-FILED RULE" TRUMPS THE "SUBSEQUENT-APPEAL RULE"**

{¶ 25} We will now review the BTA's ruling dismissing Platinum Lodging's appeal. Relying on the reasoning of *Columbus Bd. of Edn. v. Franklin Cty. Bd. of Revision*, 70 Ohio St.3d 344, 639 N.E.2d 25 (1994), the BTA noted that pursuant to R.C. 5717.01 and 5717.05, "in the context of appeals from decisions of county boards of revision, county courts of common pleas and [the BTA] have concurrent jurisdiction." BTA Nos. 2012-A-2823 and 2012-A-3289, 2013 WL 906961, *2 (Feb. 27, 2013). The BTA held that "in order to avoid potentially conflicting determinations involving the same matter, once either a common pleas court or [the BTA] has exercised jurisdiction over a matter, the other cannot interfere with that tribunal's authority." *Id.* On that basis, the BTA dismissed both the school board's appeal and the property owner's appeal.

{¶ 26} In *Columbus Bd. of Edn.*, we relied in part on what might be called a "subsequent-appeal rule": when a statute provides two avenues of appeal from an administrative decision and an appeal is first prosecuted to one of the two alternative tribunals, a later appeal from an administrative decision issued after

remand must be prosecuted to the same tribunal that exercised jurisdiction over the first appeal. In *Columbus Bd. of Edn.*, the first appeal had been prosecuted by the property owner and the board of revision from a decision of the BTA to the Franklin County Court of Appeals, which made a ruling and remanded to the BTA. After the BTA issued its order on remand, the board of education appealed directly to this court.

{¶ 27} Noting that "a twist" in the case was that R.C. 5717.04 created two avenues of appeal, one to the court of appeals and one directly to the Supreme Court, we invoked the specific language of R.C. 5717.04 along with the general "first-filed rule," under which the first of two courts of concurrent jurisdiction to take jurisdiction exercises it to the exclusion of the other tribunal. 70 Ohio St.3d at 345-346, 639 N.E.2d 25. We concluded that the BTA's order on remand "could not be appealed to this court." *Id.* at 346.

{¶ 28} As the BTA noted, it is evident that both the school board and Platinum Lodging acted in a manner contrary to the subsequent-appeal rule in this case. But a reading of R.C. 5717.05 makes it equally clear that the subsequent-appeal rule did not apply to either appellant under these circumstances. Unlike R.C. 5717.04, which was at issue in *Columbus Bd. of Edn.*, R.C. 5717.05 gives *an owner* two options for appeal but gives *a board of education* only one option. It follows that the subsequent-appeal rule, however salutary within its proper scope of application, cannot be applied here, because it would deprive the school board of the statutory right of appeal to the BTA that it would otherwise enjoy under R.C. 5717.01.

{¶ 29} The subsequent-appeal rule is not mandated by statute, but is a judge-made rule that is a logical extension of the first-filed rule. We cannot permit a judge-made rule limiting subsequent appeals to interfere with a right of appeal that is conferred by statute.

**{¶ 30}** Moreover, once the school board had appealed the BOR's dismissal order to the BTA, R.C. 5717.05 left Platinum Lodging with no alternative but to pursue its own appeal to the BTA rather than to the common pleas court.[5] Namely, R.C. 5717.05 states a "first-filed rule" in no uncertain terms as follows:

> When the appeal has been perfected by the filing of notice of appeal as required by this section, and an appeal from the same decision of the county board of revision is filed under section 5717.01 of the Revised Code with the board of tax appeals, the forum in which the first notice of appeal is filed shall have exclusive jurisdiction over the appeal.

Because the school board filed an appeal of the second BOR decision with the BTA, the BTA possessed sole jurisdiction over appeals from the second BOR decision.

**{¶ 31}** Moreover, the BTA's dismissal cannot be justified as an application of the first-filed rule of R.C. 5717.05. When the common pleas court remanded the case to the BOR, it retained *no* jurisdiction. As a result, the parties, to use Platinum Lodging's phrase, "returned to the starting blocks" as far as litigating before the BOR—with the proviso that the proceedings had to be conducted consistently with the orders issued by the common pleas court during the pendency of the first appeal. When an appellate court remands a case without retaining jurisdiction, it

---

[5] Because the effect of the BOR's dismissal was to restore the $24,500,000 valuation by the auditor, it is difficult to see how the school board was aggrieved by the order that it appealed to the BTA. But the question of the school board's standing as an aggrieved party before the BTA, if contested, would probably be held irrelevant to the propriety of Platinum Lodging's having filed its appeal at the BTA, because R.C. 5717.05 ties the exclusivity of forum to *the filing*, not to the proper exercise of jurisdiction by the first-filed forum. *See Elkem Metals Co. Ltd. Partnership v. Washington Cty. Bd. of Revision*, 81 Ohio St.3d 683, 687-688, 693 N.E.2d 276 (1998) (when taxpayer filed a complaint for one year of a triennial period, its complaint for another year of the same triennium had to be dismissed because the taxpayer "filed" the earlier complaint under R.C. 5715.19(A)(2) despite the fact that that earlier complaint was dismissed on account of a jurisdictional defect).

relinquishes jurisdiction over the case, and that is true whether the case is remanded to carry into execution a straightforward mandate or to conduct further proceedings leading to new findings and conclusions. *See Roberts v. Montgomery*, 117 Ohio St. 400, 159 N.E. 475 (1927) ("when this court remands a cause for execution it relinquishes its jurisdiction in that respect to the court of remand, and thus confusion of jurisdiction and duplication of effort is obviated").

{¶ 32} It follows that Platinum Lodging acted properly in filing its own notice of appeal at the BTA instead of in the common pleas court. The BTA's decision to dismiss that appeal must therefore be reversed.

## UNDER THE LAW-OF-THE-CASE DOCTRINE, THE COMMON PLEAS COURT'S RULING ON STANDING BARRED THE BOR'S DISMISSAL ORDER

{¶ 33} Platinum Lodging seeks reversal of the BTA's dismissal of its appeal, and we grant that relief. With regard to the merits of its appeal to the BTA, it advances no proposition of law before this court. We would therefore be justified in remanding the cause to the BTA for further proceedings.

{¶ 34} But the issue on appeal at the BTA was whether the BOR properly dismissed the complaint for lack of standing when the common pleas court had already ruled that there was standing. Because that question involves a jurisdictional issue, we have authority to address it, and we do so in the interest of efficiency and for the purpose of vindicating the authority of the common pleas court as a reviewing court. *See Crown Communication, Inc. v. Testa*, 136 Ohio St.3d 209, 2013-Ohio-3126, 992 N.E.2d 1135, ¶ 27 (failure of appellant to articulate argument did not bar the court from determining the issue, since the issue related to the jurisdiction of the tax tribunals and hence derivatively to the court's own eventual jurisdiction of a tax issue on its merits), and cases cited therein.

{¶ 35} It is true that Platinum Lodging conceded at oral argument that the law of the case did not bind the BOR, but counsel's concession does not change the fact that the BOR lacked the authority to dismiss the case for lack of standing after

the common pleas court ruled that there was standing. Nor does it matter that the common pleas court allegedly declined counsel's invitation to explicitly make its ruling the law of the case: the law-of-the-case doctrine applies without the need for any explicit invocation.

{¶ 36} Beyond that, it is prudent and proper for us to invoke the law-of-the-case doctrine under these circumstances. In *HealthSouth Corp. v. Testa*, 132 Ohio St.3d 55, 2012-Ohio-1871, 969 N.E.2d 232, we held that an argument raised by the tax commissioner was barred by the law-of-the-case doctrine, even though the taxpayer did not assert the defense:

> We are justified in raising the doctrine sua sponte because we have held that the law-of-the-case doctrine reflects a strong public policy to " 'ensure consistency of results in a case, to avoid endless litigation by settling the issues, and to preserve the structure of superior and inferior courts.' " *Brothers v. Morrone-O'Keefe Dev. Co.*, 10th Dist. No. 06AP-713, 2007-Ohio-1942, 2007 WL 1196578, ¶ 35, quoting *Hubbard ex rel. Creed v. Sauline*, 74 Ohio St.3d 402, 404, 659 N.E.2d 781 (1996).

*Id.* at ¶ 31, fn. 2. The circumstances of this case are particularly disturbing with respect to the BOR's disregard of its duty to abide by the orders issued by a reviewing court.

{¶ 37} That the law-of-the-case doctrine dispositively applies, there can be no doubt. "Absent extraordinary circumstances, such as an intervening decision by the Supreme Court, an inferior court has no discretion to disregard the mandate of a superior court in a prior appeal in the same case." *Nolan v. Nolan*, 11 Ohio St.3d 1, 462 N.E.2d 410 (1984), syllabus. *See State ex rel. Potain v. Mathews*, 59 Ohio St.2d 29, 32, 391 N.E.2d 343 (1979) ("The Constitution does not grant to a court

of common pleas jurisdiction to review a prior mandate of a court of appeals"); *State ex rel. Cordray v. Marshall*, 123 Ohio St.3d 229, 2009-Ohio-4986, 915 N.E.2d 633 (affirming grant of prohibition against trial judge's action that contradicted rulings of the appeals court during an earlier appeal in the same case); *State ex rel. Crandall, Pheils & Wisniewski v. DeCessna*, 73 Ohio St.3d 180, 652 N.E.2d 742 (1995) (granting writs of prohibition and procedendo ordering trial judge to conduct proceedings consistent with remand order and not act contrary to it).

**{¶ 38}** Here, the law of the case at issue is the common pleas court's decision on whether the complainant had standing and, consequently, whether the BOR had jurisdiction. As the "inferior court," the BOR was bound by the standing decision of the common pleas court, and it lacked authority to act contrary to it. To find an example of an entity's limited authority on remand in the administrative-appeal context, we need look no further than *Columbus Bd. of Edn.,* 70 Ohio St.3d 344, 639 N.E.2d 25. In that case, our primary ground for dismissing the appeal was that the BTA had correctly carried into execution the mandate of the court of appeals issued in the earlier appeal. *Id*. at 345. This court cited and relied on *Potain* in so holding.

**{¶ 39}** For the above reasons, we exercise our plenary authority over issues concerning the jurisdiction of the tax tribunals to reverse the BOR's dismissal order, and we remand the cause to the BOR with instructions that it determine the value of the property in accordance with the common pleas court's remand order.

CONCLUSION

**{¶ 40}** We reverse the decision of the BTA, and we remand the cause to the BOR with the instruction that it vacate its previous dismissal order and proceed to determine the value of the property in accordance with the common pleas court's order.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, and O'NEILL, JJ., concur.

FRENCH, J., concurs in judgment only.

_____

Rich & Gillis Law Group, L.L.C., and Mark H. Gillis, for appellee Columbus City Schools Board of Education.

Bluestone Law Group, L.L.C., and Charles L. Bluestone, for appellant.

_____