**The STATE of Ohio, Appellee,**

**v.**

**WALLACE, Appellant.**

[Cite as *State v. Wallace* (1997), 121 Ohio App.3d 494.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 96APA11–1561.

Decided June 30, 1997.

Ronald J. O'Brien, Franklin County Prosecuting Attorney, and Susan E. Day, Assistant Prosecuting Attorney, for appellee.

Judith M. Stevenson, Franklin County Public Defender, and Allen V. Adair, Assistant Public Defender, for appellant.

CLOSE, Judge.

This matter concerns a criminal defendant's request for discovery of public records under R.C. 149.43 and for discovery of prior witnesses' statements under Crim.R. 16(B)(1)(g). Before this court for the third time, appellant, William E.H. Wallace, alleges that the trial court failed to comply with this court's prior remand orders. At issue is whether the trial court should follow the law of the case, as stated in the remand orders, or whether the trial court should follow an intervening Ohio Supreme Court decision, which conflicts with the remand orders and which was rendered during the pendency of the remand proceedings.

Appellant was convicted and sentenced on six counts of aggravated burglary, one count of attempted rape, six counts of rape, two counts of gross sexual imposition, and one count of kidnapping. While this court found the evidence of

guilt overwhelming, we held that, absent a record regarding the disputed discovery materials, it was not possible to determine whether appellant was prejudiced from the denial of discovery under R.C. 149.43 and the denial of an *in camera* inspection of prior statements of prosecution witnesses under Crim.R. 16(B)(1)(g).

In the first appeal, this court remanded the matter and ordered the trial court to conduct an "individualized scrutiny" of the requested records to determine whether they were exempted from discovery under R.C. 149.43 and, if so, whether the exempted records contained statements discoverable under Crim.R. 16(B)(1)(g). Additionally, the remand order required the trial court to make a "reviewable record" of its findings and analysis.

In the second appeal, this court found that the trial court did not follow the law of the case as stated in the original remand order. The trial court had allowed the prosecutor to edit out those records which had previously been discovered, and did not make specific findings based on an individualized scrutiny of the records. Consequently, this court again remanded the matter and ordered the trial court to "comply with the mandate of the first appeal and conduct an individualized scrutiny of the records previously submitted and those records previously 'edited' by the prosecutor."

In the interim, the Ohio Supreme Court decided *State ex rel. Steckman v. Jackson* (1994), 70 Ohio St.3d 420, 639 N.E.2d 83, which limited defendants' discovery rights during criminal proceedings to discovery under Crim.R. 16. As relevant here, the court held:

"Information, not subject to discovery pursuant to Crim.R. 16(B), contained in the file of a prosecutor who is prosecuting a criminal matter, is not subject to release as a public record pursuant to R.C. 149.43 and is specifically exempt from release as a trial preparation record in accordance with R.C. 149.43(A)(4)."

As a result of this intervening decision, the trial court determined that the *Steckman* opinion overrode this court's remand order. The trial court then performed a thorough, independent analysis of the records for information discoverable solely under Crim.R. 16.

As a result, the trial court limited its review to ascertaining whether:

1. The records contained statements inconsistent with testimony at trial pursuant to Crim.R. 16(B)(1)(g) and whether there were previous material inconsistent statements of any witness not furnished to the defendant at the conclusion of any witnesses' direct examination;

2. Any of the records should have been turned over to the defense prior to trial pursuant to any other provision of Crim.R. 16(B); and

3. If it found either (1) or (2) above, the prosecution's failure to adhere to the provisions of Crim.R. 16(B) prejudiced the defendant and denied the defendant a fair trial.

To facilitate review, the prosecutor handed over all of the records in question. Thus, appellant received the prosecutor's entire file, including the entire files from the three police agencies involved in the case.

After performing a detailed review and analysis of the materials in question and after comparing them with the testimony in the transcripts from both the suppression hearing and the trial itself, the trial court determined that the materials were either not discoverable, or were discoverable but not prejudicially withheld.

Of those portions which were determined to be discoverable, the trial court found that the information was not exculpatory and/or the information was, in fact, furnished to the defense prior to the trial date. With respect to counts three and twelve, however, the trial court found that the police summaries contained exculpatory witness statements that were material to appellant's defense. Both counts were based on an allegation of cunnilingus, yet no mention of cunnilingus was made in either of the police summaries, which the trial court found contained statements of the victims regarding their account of the incidents. Consequently, the trial court ordered a new trial on counts three and twelve, and denied appellant a new trial on the remaining counts.

Appellant has appealed this judgment and has raised the following two assignments of error:

"FIRST ASSIGNMENT OF ERROR: The trial court failed to comply with the terms of this court's previous remand by not reviewing the records in question for disclosure under the Ohio Public Records Law.

"SECOND ASSIGNMENT OF ERROR: The court erroneously determined that many of the documents under review were not subject to disclosure as evidence favorable to the defendant pursuant to Criminal Rule 16(B)(1)(f) or within the purview of *Brady v. Maryland* (1963), 373 U.S. 83 [83 S.Ct. 1194, 10 L.Ed.2d 215]."

In the first assignment of error, appellant claims that the trial court was required to follow the law of the case as stated in this court's remand orders, and that the trial court erred in limiting its review to discovery under Crim.R. 16.

Ordinarily, a trial court is bound to adhere to the reviewing court's determination of the law. The law-of-the-case doctrine provides that "the deci-

sion of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels." *Nolan v. Nolan* (1984), 11 Ohio St.3d 1, 3, 11 OBR 1, 2–3, 462 N.E.2d 410, 412. "Absent extraordinary circumstances, such as an intervening decision by the Supreme Court, an inferior court has no discretion to disregard the mandate of a superior court in a prior appeal in the same case." *Nolan,* syllabus.

Appellant argues that, in a case on remand from an appellate court, an intervening Supreme Court decision is not to be followed by the trial court unless the parties had previously sought review by the Supreme Court. In support of his argument, appellant relies on *Jones v. Harmon* (1930), 122 Ohio St. 420, 172 N.E. 151, which distinguished *Gohman v. St. Bernard* (1924), 111 Ohio St. 726, 146 N.E. 291. In *Jones,* the court clarified the law-of-the-case doctrine and held (1) that the trial court must follow the law of the case where the Supreme Court's review of that case was not previously sought, and (2) that the trial court has a "duty" to follow the Supreme Court's intervening decision where an appeal to the Supreme Court was sought and denied before the intervening decision was rendered. Since no appeal was taken from either the first or the second remand orders entered by this court, appellant claims that the law of the case governs and the trial court should have complied with our remand orders.

Appellant accurately states the holding in *Gohman* and *Jones;* however, that portion of *Gohman* (regarding the failure to seek further review by the Supreme Court) and, thus, that portion of *Jones* was overruled in *New York Life Ins. Co. v. Hosbrook* (1935), 130 Ohio St. 101, 3 O.O. 138, 196 N.E. 888. In *Hosbrook,* the court held that enforcing an erroneous decision based on the law-of-the-case doctrine was contrary to our established judicial system. In particular, the court held:

"Where, on a first hearing, a Court of Appeals has committed prejudicial error in determining the 'law of the case' for the guidance of the trial court after remand, and, upon a later hearing adheres to such determination, this court, as the last state court of review, will disturb such former determination of the Court of Appeals and will reverse its judgment, where it results from such erroneous determination." *Id.* at paragraph three of the syllabus.

*Hosbrook* did not address the situation where Supreme Court review was sought following the first hearing and decision of the court of appeals. Consequently, it appears that the *Jones* holding is still good law. See, also, *Columbus Bd. of Edn. v. Franklin Cty. Bd. of Revision* (1994), 70 Ohio St.3d 344, 345, 639 N.E.2d 25, 26. However, *Hosbrook* bars application of the law of the case where

it was later determined to be erroneous and not previously appealed to the Supreme Court.

■ While all of these cases address the Supreme Court's power to avoid the law-of-the-case doctrine, we find them applicable here because this court's affirmance of the trial court's decision will require modification of the law of the case as stated in our prior remand orders. The law-of-the-case doctrine is "a rule of practice rather than a binding rule of substantive law and will not be applied so as to achieve unjust results." *Nolan* at 3, 11 OBR at 3, 462 N.E.2d at 413. With respect to appellate courts on successive appeals, the doctrine is "not a limitation on the courts' power," but merely a rule of practice. Annotation (1963), 87 A.L.R.2d 271, 282, citing *Green v. Acacia Mut. Life Ins. Co.* (1954), 98 Ohio App. 101, 57 O.O. 187, 128 N.E.2d 222.

■ While "the doctrine functions to compel trial courts to follow the mandates of reviewing courts," particularly where a "trial court is confronted with substantially the same facts and issues as were involved in the prior appeal," *Nolan* at 3, 11 OBR at 3, 462 N.E.2d at 413, an intervening Supreme Court decision is an "extraordinary circumstance" justifying noncompliance with the law of the case. This court is bound by the law in *Steckman* and holds the law of the case set forth in the remand orders to be erroneous. Consequently, we find that the trial court did not err in following *Steckman*.

Appellant's first assignment of error is overruled.

In the second assignment of error, appellant claims that the trial court erred in finding that many of the documents were not subject to disclosure under Crim.R. 16(B)(1)(f) or *Brady v. Maryland* (1963), 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215, as evidence favorable to appellant. We fail to find error and agree with the trial court's assessment.

*Brady* and its progeny have firmly established that the prosecution's failure to disclose evidence that is favorable to an accused violates due process where the evidence is *material* either to guilt or punishment, irrespective of good faith or bad faith on the prosecution's part. *Kyles v. Whitley* (1995), 514 U.S. 419, 432–434, 115 S.Ct. 1555, 1565, 131 L.Ed.2d 490, 504–506; *United States v. Bagley* (1985), 473 U.S. 667, 674, 105 S.Ct. 3375, 3379, 87 L.Ed.2d 481, 488–489.

■■ The "touchstone of materiality [under the *Brady* rule] is a 'reasonable probability' of a different result * * *. The question is not whether the defendant would more likely than not have received a different verdict with the

evidence, but whether in its absence he received a fair trial, understood as a trial resulting in a verdict worthy of confidence." *Kyles,* 514 U.S. at 434, 115 S.Ct. at 1566, 131 L.Ed.2d at 506. A " 'reasonable probability' of a different result is accordingly shown when the Government's evidentiary suppression 'undermines confidence in the outcome of the trial.' " *Kyles,* quoting *Bagley,* at 678, 105 S.Ct. at 3381–3382, 87 L.Ed.2d at 491–492. However, the materiality of undisclosed evidence is "considered collectively, not item by item. * * * [T]he Constitution is not violated every time the government fails or chooses not to disclose evidence that might prove helpful to the defense." *Kyles,* 514 U.S. at 436–437, 115 S.Ct. at 1567, 131 L.Ed.2d at 507.

 Our review reveals that appellant has not met his burden of proof. Most of the information had been provided to appellant before trial. Of the materials that were discoverable, the information was either not exculpatory or not sufficient to show a reasonable probability that the verdict would have been different had they been provided. The few inconsistent statements of some of the witnesses were not material. Even when combined with the minor variations in victims' descriptions and the negative fingerprint lifts, the discoverable material was insufficient to overcome the strong evidence of identification made by each of the six victims.

Appellant's second assignment of error is overruled.

Appellant's assignments of error are overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

PEGGY BRYANT and PETREE, JJ., concur.