JOURNAL ENTRY AND OPINION
Defendant-appellant Police and Fireman's Disability and Pension Fund ("PFDPF") appeals from the trial court's qualified domestic relations order ("QDRO") of July 21, 1998, requiring it to pay part of plaintiff-John Randolph Erb's retirement benefits in the PFDPF directly to his former wife, defendant-appellee Donna Victoria Erb. For the reasons adduced below, we reverse and remand the decision of the trial court.
By way of background, these parties have been before this appellate court several times previous to this appeal. In Erb v.Erb (Dec. 19, 1991), Cuyahoga App. No. 59615, unreported, 1991 WL 271412, at 1 ("Erb I"), the following history was recounted:
 The parties to this action were married on February 22, 1979. One child was born on July 7, 1970.
 On April 26, 1988, John R. Erb, plaintiff-appellee, and Donna v. Erb, defendant-appellant, entered into a separation agreement. Appellee moved from the marital residence in July, 1988. On April 5, 1989 appellee filed a Complaint for Divorce in Cuyahoga County Common Pleas Court and requested that the court incorporate the separation agreement into its decree. On May 9, 1989, appellant answered and counterclaimed. Appellant also requested that the separation agreement be set aside on the grounds that it was procured through fraud and misrepresentation and alternatively that it was unjust, unfair, and inequitable. Appellant stated specifically that appellee had failed to disclose the value of his pension plan from the Cleveland Fire Department and she did not know its value at the time she entered into the separation agreement. The court conducted a hearing on appellant's subsequent motion to set the separation agreement aside. On February 13, 1990 the court rejected appellant's request to set aside the separation agreement, found the separation agreement to be fair, just and equitable and incorporated the separation agreement into the decree of divorce. (Italization in original.)
In Erb I, this court reversed and remanded the order of the trial court finding an abuse of discretion in the trial court approving the separation agreement, which gave to Mr. Erb all his pension benefits free and clear of any claim by Mrs. Erb, without evidence regarding the present value of Mr. Erb's pension in the PFDPF. On remand, the trial court: (1) determined that the present value of Mr. Erb's pension was $241,581.00, and that Mrs. Erb's present value interest in that pension was $101,990.00; (2) set aside the parties' separation agreement as unreasonable; and, (3) modified the decree of divorce so as to award Mrs. Erb a separate and divisible interest in Mr. Erb's pension and, furthermore, issued a QDRO in the amount of that interest ($101,990.00)
Thereafter, the PFDPF and Mr. Erb appealed the decision which the trial court rendered following remand of Erb I, arguing that because Mr. Erb had not yet retired from his employment with the Cleveland Fire Department, his pension had not fully vested pursuant to R.C. 742.37(C)(1), and therefore, beneficiaries of the pension were not able to receive pension payment installments. InErb v. Erb (June 2, 1994), Cuyahoga App. Nos. 65666 and 65667, unreported, 1994 WL 245676 ("Erb II"), we affirmed this decision of the trial court.
Erb II was accepted for review by the Supreme Court of Ohio via a discretionary appeal initiated by the PFDPF and Mr. Erb. SeeErb v. Erb (Nov. 9, 1994), 71 Ohio St.3d 1406. In Erb v. Erb (Mar. 4, 1996), 75 Ohio St.3d 18, reconsideration denied (Apr. 24, 1996),75 Ohio St.3d 1452 (Erb III), the Supreme Court reversed and remanded the decision of Erb II to the trial court, concluding: (1) Mr. Erb's pension benefits were not mature until his retirement from the fire department; (2) requiring the PFDPF to pay Mrs. Erb, the non-employee spouse, her share of Mr. Erb's pension benefits prior to the retirement of Mr. Erb, the employee-spouse, would be contrary to the clear language of R.C. 742.37; (3) Mrs. Erb retains her separate interest in Mr. Erb's pension and the trial court could protect her proportionate interest in the plan by reassessing its value at maturity or by ordering Mr. Erb to pay his spouse her share directly; (4) reverse the decision of the trial court and vacate the QDRO providing for the outright direct distribution of Mr. Erb's pension benefits. Erb III, 75 Ohio St.3d at 20-22.[1]
Upon remand from the Supreme Court, prior to the commencement of the trial, Mr. and Mrs. Erb executed a settlement agreement which provided for a domestic relations order which permitted direct payments from the PFDPF to Mrs. Erb of her interests in the pension of Mr. Erb. The trial court approved the substance of this agreement by ordering the PFDPF to pay Mrs. Erb, directly, $1,000 per month for the remainder of her life, ordering the parties to treat that domestic relations order as a QDRO for tax purposes. See trial court order of July 20, 1998. The notice of appeal subjudice by the PFDPF is from that order of July 20, 1998.
The appellant presents two assignments of error for review, which will be discussed jointly.
I
 THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED AS A MATTER OF LAW IN ISSUING A DOMESTIC RELATIONS ORDER AND/OR A QUALIFIED DOMESTIC RELATIONS ORDER REQUIRING APPELLANT POLICE AND FIREMAN'S DISABILITY AND PENSION FUND TO PAY DIRECTLY TO A NON-MEMBER IN VIOLATION OF R.C. 742.47.[2]
II
 THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED AS A MATTER OF LAW IN AWARDING DEFENDANT DONNA ERB A SEPARATE OWNERSHIP INTEREST AND ORDERING THAT APPELLANT FUND DIVIDE AND PARTITION THE ACCOUNT OF PLAINTIFF JOHN ERB.
By virtue of the express language of R.C. 742.47, these assignments have merit. The statute, except for three exceptions therein which are irrelevant to our discussion[3], clearly makes benefits under the pension fund available only to members of the plan. A "member" of the fund is defined pursuant to R.C. 742.01(E) and .37(C), and there is no question that the former Mrs. Erb is not a member of the fund as that term is defined. Thus, the order, which requires the PFDPF pay a portion of Mr. Erb's pension benefits directly to Mrs. Erb, a non-member of the fund, is invalid. Accord Davis v. Davis (Montgomery, 1998), 131 Ohio App.3d 686
(direct distribution of payments of husband/member's pension to spouse/non-member in violation of R.C. 742.01(E), .37(C), and .47); also see Ciavarella v. Ciavarella (Oct. 21, 1999), Columbiana App. No. 98-CO-53, unreported (direct payment of benefits from the fund to a non-member not allowed); Asad v. Asad (June 19, 1997), Cuyahoga App. Nos. 70075, 70081, 70243, unreported; Graham v.Graham (Sept. 7, 1993), Greene App. No. 92CA114, unreported.
A viewpoint has been expressed that this outcome is not warranted on the basis of applying the "law of the case" legal theory. The "law of the case" doctrine holds that a trial court must follow an appellate court's determination of an issue when that same issue presents itself at a later time. See Nolan v.Nolan (1984), 11 Ohio St.3d 1. It is argued that, because Erb III
allegedly did not address whether the PFDPF was eligible to be the subject of a QDRO issued in Erb II with respect to Mrs. Erb's receipt of pension benefits directly from the fund, the issue of the propriety of such a QDRO must be upheld as the law of the case at this time; this would give a stamp of approval for the nonmember of the fund to be paid directly from the fund. We are not sympathetic to the application of this theory to the facts presented. This is so because Erb III was a vacation and reversal of the entire QDRO in Erb II. The offending QDRO did not surviveErb III in any respect, thus the law of the case doctrine has no present application.
Even if, for the sake of argument, the offending QDRO had survived Erb III, the law of the case doctrine would still be inapplicable because to apply it would yield unjust results. SeeState v. Wallace (1997), 121 Ohio App.3d 494, 499, citing Nolan v.Nolan, supra, at 3. The unjust result is that, by permitting the QDRO to remain in effect, we would be compelling the PFDPF to distribute pension funds in contravention of its statutory authority, in other words, to break the law.
While we sympathize with a trial court's desire to protect the interests of non-fund members in fund benefits and distribute pension funds in a timely fashion and in an orderly and secure environment, we are, nevertheless, precluded from usurping the statutory authority of the fund. Any relief for such a problem lies not with the courts, but by application to the General Assembly of Ohio. Accordingly, the July 20, 1998, order of the trial court is vacated.
The assignments are affirmed.
Judgment reversed and remanded.
This cause is reversed and remanded.
It is, therefore, considered that said appellant(s) recover of said appellee(s) its costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.
JAMES M. PORTER, P.J., CONCURS; PATRICIA A. BLACKMON, J.,DISSENTS WITHOUT OPINION.
 _________________________ JAMES D. SWEENEY, JUDGE.
[1] Prior to the announcement of Erb III, Mr. Erb retired from the Cleveland Fire Department on January 5, 1996. Mr. Erb began receiving pension benefits on April 4, 1996, retroactive to January 6, 1996. See appellant's brief at 4.
[2] R.C. 742.47 provides:
742.47 EXEMPTION FROM EXECUTION
 Except as provided in sections 742.461, 3111.23, and 3113.21
of the Revised Code, sums of money due or to become due to any person from the Ohio police and fire pension fund are not liable to attachment, garnishment, levy, or seizure under any legal or equitable process, whether such sums remain with the treasurer of the fund or any officer or agent of the board of trustees of the fund, or is in the course of transmission to the person entitled thereto, but shall inure wholly to the benefit of such person.
[3] The exceptions referred to in R.C. 742.47 concern theft in office and orders for child support and/or spousal support. The order here concerns a division of marital property, not a support order.