DECISION AND JUDGMENT ENTRY
This appeal comes to us from the Williams County Court of Common Pleas. Following the return of a jury verdict, appellant was convicted and sentenced on charges of rape and involuntary manslaughter. Because we conclude appellant was not denied effective assistance of counsel and there was sufficient evidence to support his conviction, we affirm.
The facts of this matter are more fully explained in our prior consideration of this case in State v. Leggett (Sept. 4, 1998), Williams App. No. WM-97-029, unreported, appeal denied (1999), 84 Ohio St.3d 1470;State v. Leggett (Jan. 24, 1997), Williams App. No. WM-96-015, unreported, appeal dismissed (1997), 78 Ohio St.3d 1492, and in the decision concerning appellant's federal habeas corpus application.Leggett v. Carter (N.D.Ohio., Sept. 17, 1999), No. 3:99cv7121.
In brief, a jury convicted appellant of rape and involuntary manslaughter in the 1992 sodomization and resulting death of Torilyn Contreras, a two year old child. Early DNA testing had excluded appellant as the source of vaginal semen taken during the victim's autopsy. However, some years later a more sensitive DNA test revealed a match of appellant's DNA to rectal semen taken from the victim's body. DNA scientists computed the probability of this match being random as one in sixty thousand. Although, at trial, the defense attacked the handling of the evidence and pointed to the purported conflict between the two DNA test results, the jury found appellant guilty as charged. The trial court accepted the verdict and sentenced appellant to consecutive terms of life imprisonment for rape and ten to twenty-five years imprisonment for involuntary manslaughter.
From this verdict and sentence, appellant now brings this appeal, setting forth the following five assignments of error:
"Assignment of Error No. 1
 APPELLANT WAS DENIED HIS CONSTITUTIONAL RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL WHEN HIS TRIAL ATTORNEY DID NOT SEEK A CONTINUANCE UPON LEARNING DURING TRIAL THAT (1) THE COMPLETE RECORDS OF EXCULPATORY DNA TESTING BY GENNAN CORPORATION, WHICH HAD BEEN PRESUMED ENTIRELY LOST, WERE PROBABLY AVAILABLE FROM SUMA IN AKRON (TR 5 AT 139), AND (2) CELLMARK DIAGNOSTICS ACTUALLY RETAINED TESTABLE, ALBEIT AMPLIFIED SAMPLES (TR 4 AT 218).
"Assignment of Error No. 2
 WHEN THE PROSECUTOR PURPOSELY AND KNOWINGLY VIOLATED A COURT ORDER BY AUTHORIZING CELLMARK TO PROCEED WITH TESTING OF A FINAL SLIDE, KNOWING THAT THE SAMPLE ON THE SLIDE WOULD BE FULLY CONSUMED, AND WITHOUT EVEN TELLING THE DEFENSE THAT THE TESTING WAS BEING DONE SO THAT THEY COULD HAVE AN EXPERT OBSERVE THE TESTING, APPELLANT WAS DENIED HIS RIGHT TO DUE PROCESS AND FAIR TRIAL AS GUARANTEED BY THE CONSTITUTIONS OF THE UNITED STATES AND THE STATE OF OHIO.
"Assignment of Error No. 3
 WHEN CELLMARK DIAGNOSTICS, ACTING AT THE INSTANCE OF AND AS AN AGENT OF THE STATE, VIOLATED ITS OWN PROTOCOL IN 1995 BY CONDUCTING DNA TESTING WHICH WHOLLY CONSUMED SPECIMENS WITHOUT FIRST INFORMING ITS CLIENTS, THE MONTPELIER POLICE DEPARTMENT AND THE WILLIAMS COUNTY PROSECUTOR, SO THAT THEY COULD ATTEMPT TO BALANCE OR PROTECT APPELLANT'S RIGHTS, APPELLANT'S RIGHTS TO FAIR TRAIL [sic] AND DUE PROCESS WERE VIOLATED.
"Assignment of Error No. 4
 PROSECUTION OF THE DEFENDANT IN THIS CASE VIOLATED HIS RIGHTS UNDER THE DOUBLE JEOPARDY CLAUSES OF THE OHIO AND UNITED STATES CONSTITUTIONS.
"Assignment of Error No. 5
 APPELLANT'S CONVICTION IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND IS SUPPORTED BY INSUFFICIENT EVIDENCE AS IT VIOLATES THE `PHYSICAL FACTS RULE' OF McDONALD V. FORD MOTOR CO. (1975), 42 OHIO ST.2d 8."
 I
In his fourth assignment of error, appellant argues that his prior indictment for child endangering and involuntary manslaughter, which resulted in an Alford plea to child endangering, acts as a double jeopardy bar to his subsequent prosecution. Both this court and the federal court have rejected appellant's double jeopardy arguments. Statev. Leggett (Jan. 24, 1997), supra; Leggett v. Carter, supra. These prior decisions are the law of the case, see State v. Wallace (1997),121 Ohio App.3d 494, 497-498, and appellant offers no compelling reason for us to revisit this issue. Accordingly, appellant's fourth assignment of error is not well-taken.
 II
Appellant, in his second and third assignments of error, complains about the state's handling of the DNA evidence. The third assignment of error reiterates an error asserted and rejected in the 1998 appeal.State v. Leggett (Sept. 4, 1998), supra. Again, appellant offers no reason for us to revisit this issue. Accordingly, appellant's third assignment of error is not well-taken.
Appellant's second assignment of error involves DNA testing which occurred after the 1998 appeal. The issue, however, is governed by the same standards: that is, the evidence must be exculpatory and destroyed in bad faith. See State v. Barzacchini (1994), 96 Ohio App.3d 440, 456;Arizona v. Youngblood (1988), 488 U.S. 51, 57-58. In denying appellant's motion to suppress the results of the test which consumed the evidence, the court specifically found that the state had not acted in bad faith in ordering this test. Our review of the record supports that determination. Accordingly, appellant's second assignment of error is not well-taken.
 III
In his first assignment of error, appellant asserts that he was denied effective assistance of counsel.
 "A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction * * * has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. * * * Unless a defendant makes both showings, it cannot be said that the conviction * * * resulted from a breakdown in the adversary process that renders the result unreliable." Strickland v. Washington (1984), 466 U.S. 668, 687. Accord, State v. Smith (1985), 17 Ohio St.3d 98, 100.
Scrutiny of counsel's performance must be deferential. Strickland v.Washington at 689. In Ohio, a properly licensed attorney is presumed competent and the burden of proving ineffectiveness is the defendant's.State v. Smith, supra. Counsel's actions which "might be considered sound trial strategy," are presumed effective. Strickland v. Washington at 687. "Prejudice" exists only when the lawyer's performance renders the result of the trial unreliable or the proceeding unfair. Id. Appellant must show that there exists a reasonable probability that a different verdict would have been returned but for counsel's deficiencies. Seeid. at 694. See, also, State v. Lott (1990), 51 Ohio St.3d 160, for Ohio's adoption of the Strickland test.
Appellant criticizes his trial counsel's performance in only one respect. Appellant insists that when it was discovered that a successor corporation to the Akron DNA lab "might" have remaining testable samples and that Cellmark Laboratories had an amplified sample which could be tested, trial counsel should have requested a continuance to do independent DNA testing on these samples. The trial counsel's failure to do this, according to appellant, constitutes deficient performance of counsel which operated to his prejudice.
Throughout the trial, defense counsel sought to undermine juror confidence in the Cellmark DNA results. If independent testing of an Akron sample supported the Cellmark findings, it would unquestionably seal appellant's fate. However, if no testing was performed, counsel could still argue the unreliability of the chain of evidence or the Cellmark protocol. The decision not to test, therefore, could have been tactical. Such strategy is presumed effective. Strickland, supra. Accordingly, appellant's first assignment of error is not well-taken.
 IV
In his remaining assignment of error, appellant questions the weight and sufficiency of the evidence against him. In a criminal context, a verdict or finding may be overturned on appeal if it is against the manifest weight of the evidence or if there is an insufficiency of evidence. In the former, the appeals court acts as a "thirteenth juror" to determine whether the trier of fact lost its way and created such a manifest miscarriage of justice that the conviction must be overturned and a new trial ordered. State v. Thompkins (1997), 78 Ohio St.3d 380,387. In the latter, the court must determine whether the evidence submitted is legally sufficient to support all of the elements of the offense charged. Id. at 386-387. Specifically, we must determine whether the state has presented evidence which, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The test is, viewing the evidence in a light most favorable to the prosecution, could any rational trier of fact have found the essential elements of the crime proven beyond a reasonable doubt. Id. at 390 (Cook, J. concurring); State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus. See, also, State v. Eley (1978), 56 Ohio St.2d 169; Statev. Barns (1986), 25 Ohio St.3d 203.
Appellant argues that since the Akron DNA test positively excluded him as a source of semen from the vaginal swab, any other evidence to the contrary should not have been considered.[1] Appellant's position in this area was undermined by his own expert witness who testified that merely because appellant was excluded as a semen donor on the vaginal swab, he is not automatically excluded as a source of genetic material found elsewhere. Cellmark found appellant's DNA on the rectal swab, so there is no direct conflict in this evidence. Consequently, there was evidence introduced which, if believed, would establish all of the elements of the crimes of which appellant was convicted.
Moreover, our own thorough examination of the record reveals no suggestion that the jury lost its way or that this verdict represents a manifest miscarriage of justice. Accordingly, appellant's fifth assignment of error is not well-taken.
On consideration whereof, the judgment of the Williams County Court of Common Pleas is affirmed. Costs to appellant.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Melvin L. Resnick, J., Richard W. Knepper, J., JUDGES CONCUR.
[1] Appellant cites to a products liability case, McDonald v. FordMotor Co. (1975), 42 Ohio St.2d 8, syllabus, for the proposition that testimony which is positively contradicted by the physical facts cannot be the basis of a jury verdict.