[Cite as *State v. Gwynne*, 2021-Ohio-2378.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Patricia A. Delaney, J. |
| Plaintiff-Appellee | : | Hon. Craig R. Baldwin, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | |
| SUSAN GWYNNE | : | Case No. 16 CAA12 0056 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:          On Remand from the Supreme Court
                                 of Ohio, Case No. 2017-15-06



JUDGMENT:                        Affirmed



DATE OF JUDGMENT:                July 9, 2021



APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

MELISSA SCHIFFEL                          CRAIG M. JAQUITH
MARK SLEEPER                              250 East Broad Street
145 North Union Street                    Suite 1400
3rd Floor                                 Columbus, OH  43215
Delaware, OH  43015
                                          For *Amicus Curiae*
                                          O.A.C.D.L.

                                          RUSSEL S. BENSING
                                          600 IMG Building
                                          1360 East Ninth Street

Cleveland, OH 44114

*Wise, Earle, J.*

{¶ 1} This matter is before us on remand from the Supreme Court of Ohio, which in a plurality opinion, reversed our decision in *State v. Gwynne*, 5th Dist. No. 16 CAA 12 0056, 2017-Ohio-7570 (hereinafter "*Gwynne I*"). The Supreme Court has directed us to address Gwynne's 65-year sentence for compliance with R.C. 2929.14(C)(4).

**Facts and Procedural History**

{¶ 2} On June 15, 2016, Gwynne was charged by indictment with 31 counts of burglary in violation of R.C. 2911.12(A)(2), 43 counts of theft in violation of 2913.02(A)(1), 15 counts of receiving stolen property in violation of R.C. 2913.51(A), and 12 counts of possessing criminal tools in violation of R.C 2923.24(A). The charges spanned a time period from 2008 to 2016.

{¶ 3} Gwynne stole items from nursing home residents in Delaware and Franklin counties while working as a nurse's aide, and even after she was fired from that position, pretending to be an aide to gain access to nursing homes. A search warrant executed at her home resulted in the discovery of seven large storage bins and a dresser filled with stolen property – more than 3,000 items. These items included trinkets, jewelry, credit cards, dog tags, military medals, family photos, baby bracelets, and other mementoes. Detectives were able to link these items to 46 victims and 12 nursing homes.

{¶ 4} Gwynne entered into a written plea agreement in which she agreed to plead guilty to 17 counts of second-degree burglary, 4 counts of third-degree theft, 10 counts of fourth-degree theft, and the 15 misdemeanor counts of receiving stolen property in exchange for the state dismissing the remaining 55 counts. She further agreed to pay restitution.

{¶ 5} At the sentencing hearing held on November 7, 2016, the trial court indicated it had reviewed the PSI, sentencing memoranda from the state and appellant, as well as the victim impact statements. The state recommended 42 years incarceration. Counsel for appellant advocated for intensive supervision community control, and a period of time in a community based correctional facility.

{¶ 6} Departing from either of these recommendations, the trial court imposed a sentence of three years for each of the 15 second degree felony burglaries, 12 months for each of the third degree felony thefts, 12 months for each of the fourth degree felony thefts, and 180 days for each first degree misdemeanor receiving stolen property. The court ordered appellant to serve the felony sentences consecutively, and the misdemeanor sentences concurrently for an aggregate total of 65 years incarceration.

{¶ 7} Gwynne appealed to this court arguing the trial court had failed to properly consider the seriousness and recidivism factors contained in R.C. 2929.11 and 2929.12 in fashioning her 65-year sentence. We agreed the record did not support the trial court's sentence under R.C. 2929.11 and 2929.12. *Gwynne I*, ¶ 17. While we found consecutive sentences appropriate, we nonetheless found a sentence of 65 years for non-violent theft offenses imposed upon a first time felon was unsupported by the record and shocked the conscience. *Id.* ¶ 30. We therefore modified Gwynne's sentence to an aggregate total of 15 years.

{¶ 8} Gwynne's discretionary appeal was accepted by the Supreme Court of Ohio. *State v. Gwynne*, 158 Ohio St.3d 279, 2019-Ohio-4761, 141 N.E.3d 169. The lead opinion found our analysis erroneously relied upon its opinion in *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, and that R.C. 2929.11, and 2929.12

had no application in the review of consecutive sentences. The court therefore reversed our judgment and remanded the matter " * * * with instructions to consider Gwynne's assignment of error on consecutive sentences using the standard of review set forth under R.C. 2953.08(G)(2)." *Id.* ¶ 20.

{¶ 9}   On remand, we granted leave for supplemental briefing in light of the Supreme Court's opinion. Gwynne, amicus curiae Ohio Association of Defense Lawyers in support of Gwynne, and the state each filed supplemental briefs. Gwynne and amicus filed replies to the state's supplemental brief. Gwynne now raises four assignments of error for our consideration as follow:

I

{¶ 10} "THE TRIAL COURT ERRED BY SENTENCING THE APPELLANT TO A PRISON SENTENCE IN CONTRAVENTION OF THE SENTENCING STATUTES. (NOV. 23, 2016, AMENDED JUDGMENT ENTRY ON SENTENCE.)"

II

{¶ 11} "THE TRIAL COURT ERRED BY IMPOSING A 65-YEAR SENTENCE IN VIOLATION OF THE EIGHTH AMENDMENT TO THE UNITED STATES CONSTITUTION'S PROHIBITION AGAINST CRUEL AND UNUSUAL PUNISHMENT (NOV. 23, 2016, AMENDED JUDGMENT ENTRY ON SENTENCE.)"

III

{¶ 12} "OHIO'S         CONSECUTIVE-SENTENCE         STATUTE         IS UNCONSTITUTIONAL, BECAUSE IT PERMITS TRIAL COURTS TO IMPOSE LIFE-WITHOUT-PAROLE-EQUIVALENT SENTENCES THAT SHOCK THE CONSCIENCE,

AND THUS CONSTITUTE CRUEL AND UNUSUAL PUNISHMENT. (NOV. 23, 2016, AMENDED JUDGMENT ENTRY ON SENTENCE.)"

IV

{¶ 13} "MS. GWYNNE'S GUILTY PLEAS WERE NOT MADE KNOWINGLY, INTELLIGENTLY, AND VOLUNTARILY. (PLEA CHANGE TR. 17-18; CHANGE OF PLEA AND JUDGMENT ENTRY, SEPT. 23, 2016.)"

I

{¶ 14} In her first assignment of error, Gwynne argues the trial court erred by imposing consecutive sentences when none of the offenses involved a weapon, actual or threatened physical harm, nor great financial harm.

{¶ 15} R.C. 2953.08 governs appeals based on felony sentencing guidelines. Subsection (G)(2) sets forth this court's standard of review as follows:

> (2) The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.
>
> The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate

court may take any action authorized by this division if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

{¶ 16} "Clear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus.

{¶ 17} R.C. 2929.14(C)(4) governs consecutive sentencing and states the following:

(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to

the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 18} In *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, syllabus, the Supreme Court of Ohio held: "In order to impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings."

{¶ 19} We have previously found consecutive sentences were appropriate and that the trial court made the appropriate findings before imposing Gwynne's consecutive sentences. *Gwynne I* ¶ 31. We disagreed, however, with the number of consecutive sentences imposed by the trial court.

{¶ 20} Amicus, citing *State v. Wallace*, 121 Ohio App.3d 494, 499, 700 N.E.2d 367 (10th Dist. Franklin 1997), argues we are not bound by that determination because law of the case has no application where there has been an intervening decision of a superior court. This court discussed the doctrine of law of the case in *Pillo v. Stricklin*, 5th Dist. Stark No. 2004-Ohio-1570 at ¶ 23-24:

> Pursuant to the law of the case doctrine, "[a]fter a reviewing court has reversed and remanded a cause for further action in the trial court, and the unsuccessful party does not prosecute review to the Supreme Court, the pronouncement of the law by the intermediate court becomes the law of the case, and must be followed by the lower court in subsequent proceedings in that case." *Pavlides v. Niles Gun Show, Inc.*, (1996), 112 Ohio App.3d 609, 615, 679 N.E.2d 728. This doctrine is necessary, "not only for consistency of result and the termination of litigation, but to preserve the structure of the judiciary as set forth in the Ohio Constitution." *Id*. "Absent extraordinary circumstances, such as an intervening decision by the Ohio Supreme Court, an inferior court has no discretion to disregard the mandate of a superior court in a prior appeal in the same case." *Id.*,

citing *Nolan v. Nolan* (1984), 11 Ohio St.3d 1, 462 N.E.2d 410, syllabus. The intervening Supreme Court decision must state a rule of law in conflict with such mandate. *State ex rel. Crandall, Pheils & Wisniewski v. DeCessna* (1995), 73 Ohio St.3d 180, 183, 1995-Ohio-98, 652 N.E.2d 742.

Likewise, the law-of-the-case doctrine is applicable to subsequent proceedings in the reviewing court. See *Nolan*, supra at 4, 462 N.E.2d 410. Thus, the decision of an appellate court in a prior appeal must ordinarily be followed in a subsequent appeal in the same case and court. *Id.* However, this too is subject to exception. "An appellate court may choose to re-examine the law of the case it has itself previously created if that is the only means to avoid injustice." *Pavlides*, supra. at 615, 679 N.E.2d 728.

{¶ 21} But even if we are permitted to ignore our previous finding, our opinion here remains the same – consecutive sentences were appropriate and warranted under the facts of this case.

{¶ 22} We turn then to the record of the sentencing hearing. On the record the trial court found the following:

The felony sentences are imposed consecutively. I find that consecutive sentences are necessary to protect the public from future crime and to punish the Defendant. Consecutive sentences

are not disproportionate to the seriousness of the Defendant's conduct and the danger she poses to the public, and I find at least two of the multiple offenses were committed as part of a course of conduct and the harm caused by two or more of the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of the course of conduct would adequately reflect the seriousness of the defendant's conduct.

{¶ 23} Transcript of sentencing at 30-31.

{¶ 24} This same finding is included in the trial court's sentencing judgment entry. The record therefore demonstrates the trial court considered the required factors set forth in R.C. 2929.14(C)(4) in imposing consecutive sentences. Indeed, on her initial appeal to this court, Gwynne agreed the trial court uttered the appropriate "magic words" to impose consecutive sentences. Appellant's Brief at 11.

{¶ 25} While we still disagree with what we view as a wholly excessive sentence for a non-violent first time felony offender, no authority exists for this court to vacate some, but not all of Gwynne's consecutive sentences. And, "where a trial court properly makes the findings mandated by R.C. 2929.14(C)(4), an appellate court may not reverse the trial court's imposition of consecutive sentences unless it first clearly and convincingly finds that the record does not support the trial court's findings." *State v. Withrow*, 2016-Ohio-2884, 64 N.E.3d 553, ¶ 38 (2d Dist.). This is a very deferential standard of review, prohibiting appellate courts from

substituting their judgment for that of trial judges. *State v. Venes*, 8th Dist. Cuyahoga No. 98682, 2013-Ohio-1891, ¶ 21. "[T]he question is not whether the trial court had clear and convincing evidence to support its findings, but rather, whether we clearly and convincingly find that the record fails to support the trial court's findings." *Id*.

{¶ 26} Because we find the record supports the imposition of consecutive sentences, and because the trial court made the appropriate findings both on the record and in its sentencing judgment entry, we have no choice other than to overrule Gwynne's first assignment of error.


II

{¶ 27} In her second assignment of error, Gwynne argues the trial court erred in imposing a 65-year sentence in violation of the Eighth Amendment's prohibition against cruel and unusual punishment. We disagree.

{¶ 28} The Eighth Amendment to the United States Constitution states: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." Accord Article I, Section 9, Ohio Constitution. The Eighth Amendment "prohibits not only barbaric punishments, but also sentences that are disproportionate to the crime committed." *Solem v. Helm*, 463 U.S. 277, 284, 103 S.Ct. 3001, 77 L.Ed.2d 637. It is well established that sentences do not violate the constitutional provisions against cruel and unusual punishment unless the sentences are "so disproportionate to the offense as to shock the moral sense of the community." *McDougle v. Maxwell*, 1 Ohio St.2d 68, 69, 282 N.E.2d 46

(1972). Nonetheless, "[a]s a general rule, a sentence that falls within the terms of a valid statute cannot amount to a cruel and unusual punishment." *Id.* Accord *State v. Stevens*, 5th Dist. Stark No. 2017CA00024, 2017-Ohio-8692, ¶ 10.

{¶ 29} In regard to consecutively imposed sentences, in *State v. Hairston*, 118 Ohio St.3d 289, 2008-Ohio-2338, 888 N.E.2d 1073, syllabus, the Supreme Court of Ohio held: "Where none of the individual sentences imposed on an offender are grossly disproportionate to their respective offenses, an aggregate prison term resulting from consecutive imposition of those sentences does not constitute cruel and unusual punishment."

{¶ 30} None of Gwynne's individual sentences are disproportionate to their respective sentences, nor does she argue they are. Thus, although Gwynne can absolutely distinguish appellant Hairston's career criminal behavior from her own, the fact remains that we are bound by this precedent and must examine the individual sentences imposed rather than the aggregate. Although we maintain Gwynne's aggregate sentence is disproportionate to her conduct and shocks the conscience, each of Gwynne's individual sentences are within the range authorized under R.C. 2929.14. We must therefore reach the same conclusion the *Hairston* court did at ¶ 23: "Because the individual sentences imposed by the court are within the range of penalties authorized by the legislature, they are not grossly disproportionate or shocking to a reasonable person or to the community's sense of justice and do not constitute cruel and unusual punishment."

{¶ 31} The second assignment of error is denied.

III, IV

{¶ 32} In her third assignment of error Gwynne argues Ohio's consecutive sentencing statute is unconstitutional. In her fourth assignment of error, she argues her guilty pleas were not knowingly, intelligently and voluntarily made. These arguments were neither raised in the trial court, nor in *Gwynne I*. We therefore agree with the state that these arguments are not properly before us. Rather, an App.R. 26(B) application to reopen and/or a motion to withdraw her guilty plea provide the appropriate vehicle.

{¶ 33} The third and fourth assignments of error are denied.

{¶ 34} The judgment of the Delaware County Court of Common Pleas is affirmed.

By Wise, Earle, J.

Delaney, P.J. and

Baldwin, J. concur.

EEW/rw